■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JAMES JOHNSON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered January 14, 1975, convicting defendant, upon his plea of guilty, of the crime of burglary in the first degree, and sentencing him to an indeterminate term of imprisonment having a maximum of 18 years. The sole issue upon this appeal is whether or not the sentence imposed by the trial court was so harsh and excessive as to require a modification by this court. The rule is well established that appellate courts will not interfere with the discretion and judgment exercised by a sentencing court, except under extraordinary circumstances. Pursuant to section 70.00 of the Penal Law, the court must impose a sentence of at least three years and can impose an indeterminate term of imprisonment having a maximum of 25 years for a Class B felony, and burglary in the first degree is a Class B felony (Penal Law, § 140.30). The sentence of a 17-year-old youth to a term of 18 years upon his first felony conviction at first blush appears extremely harsh, however, the count to which the defendant pled guilty alleged violence toward a woman who was an innocent victim of the crime. The defendant denied any participation in so much of the alleged violence as caused particular injury to the victim, but he did concede that he had taken some minimum physical action toward her which constituted contact. The presentence report reveals that the defendant is probably prone to commit assaults upon females, and upon this record it cannot be said that the sentence imposed is unrelated to the duty of the court to act in the best interests of the People. The actual portion of the sentence which defendant will spend imprisoned will be determined by the board of parole and, of course, by the defendant's own conduct. (See Correction Law, §§ 212, 803.) Judgment affirmed. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.