■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD ERNEST KING, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered December 10, 1975, which revoked defendant's probation and imposed sentence. On September 9, 1974 defendant pleaded guilty to attempted burglary in the third degree and was subsequently sentenced to a five-year term of probation with the condition that he remain at a certain intensive supervision facility until discharged. Defendant was granted a leave from this facility but failed to return on the specified return day. He was thereafter arrested some four months later, admitted the violation of his probation, and was resentenced to probation with the condition that he remain at a certain drug treatment facility. Defendant then left this facility in violation of the terms of his probation and was arrested in another county based on other charges. He was returned to Tompkins County where originally sentenced to probation and again admitted violation of his probation. On December 10, 1975 defendant was sentenced to an indeterminate term not to exceed four years. This appeal ensued. Defendant contends that his sentence was both improper and excessive. The conduct of the defendant warranted revocation of his probation and the imposition of a term of imprisonment was proper (CPL 410.70). The term of imprisonment imposed was not in excess of that which could have been imposed in the first instance based upon defendant's plea of guilty to attempted burglary in the third degree, a class E felony (Penal Law, § 70.00, subd 2, par [e]). Based on the record in this appeal, we find no extraordinary circumstances present which would compel this court to interfere with the judgment and discretion of the sentencing court *(People v Johnson,* 50 AD2d 970). The judgment, therefore, should be affirmed. Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.