*859 OPINION OF THE COURT
Brenda Soloff, J.
Defendant has submitted a pro se application in the nature of a motion for reargument objecting to an order of May 10, 1979 which terminated, unfavorably, a probationary term imposed on him on April 17, 1972.
Defendant was convicted following his plea of guilty to the crime of petit larceny (Penal Law, § 155.25). On November 20, 1972, a declaration of delinquency was filed alleging defendant’s failure to report to the Beth Israel Methadone Clinic, a condition of his probation. That same day a warrant was issued for defendant.
Defendant was never returned on the warrant. He is presently serving a term of 5 to 10 years for robbery, having been sentenced on April 30, 1976. Apparently while making application for a temporary release program, he became aware of the warrant and had it brought to the attention of the court. On May 10, 1979, on application of the Department of Probation, and in the absence of the defendant, the seven-year-old probation was terminated "unfavorably.” Defendant protests this resolution of the matter, claiming that his right to a hearing has been abrogated.
Defendant is right to protest. A hearing, however, would be an inadequate and inappropriate solution. For reasons to be explained, the order terminating probation unfavorably is vacated, the declaration of delinquency is vacated and the court finds that defendant’s probationary period has expired.
After the warrant was issued in this case, defendant was arrested at least six times, including the arrest in the case on which he is presently held. All of these arrests took place in New York County. On all of them, defendant apparently gave his true name. On none of them was the warrant in this case put before the court.
It is true that a declaration of delinquency tolls the running of a probationary term (Penal Law, § 65.15). However, the court must take prompt "reasonable and appropriate action” to bring the defendant before it for adjudication (CPL 410.30) and, where a warrant issues pursuant to CPL 410.40, the Department of Probation must use due diligence in executing that warrant. (People v Cooper, 54 Misc 2d 42; People v Valle, 7 Misc 2d 125.)
Defendant was in custody in New York City intermittently *860 from 1973 through 1976 and has been in State custody since his sentence in 1976. Indeed, on one charge, dating from July 18, 1973, he received a sentence of one year to the New York City Correctional Institution. The Department of Probation failed at that time to locate him in the system. Most ironically, the Department of Probation did a complete presentence report with respect to defendant’s current sentence. In that report, a copy of which I have examined, the department failed even to list this case among defendant’s prior convictions. The striking failure to exercise due diligence in this case has long since revoked the tolling effect of the declaration of delinquency. Accordingly, I find that, defendant’s probation term having expired, the court was without jurisdiction to terminate probation in 1979 and would have been without jurisdiction, in 1979, to adjudicate the 1972 declaration of delinquency.
Finally, although not necessary to a decision in this case, the court must express its disapproval of the practice of seeking, in the absence of a defendant, to terminate probation unfavorably. This practice is frequently if not always, employed as a substitute for the full due process adjudication of a declaration of delinquency provided by the CPL (CPL 410.30, 410.40, 410.70).
The CPL does provide for termination of probation without any formal notice and hearing provisions (CPL 410.90). This is eminently reasonable since the effect of a termination of probation is simply to end the defendant’s responsibility with respect to a case and is, therefore, a "benefit” to him. However, the Department of Probation frequently asks the court to comment on the probation termination as either favorable or unfavorable. (This practice probably derives from section 934 of the former Code of Criminal Procedures which required the court either to commend or admonish the probationer at the end of his term.) I have been advised by a representative of the Department of Probation that there are neither written standards nor guidelines for such comments and that the consequences of an unfavorable termination are unclear. It nevertheless seems apparent that some impact beyond the mere termination is contemplated and that that impact is not calculated to be beneficial in the case of an unfavorable termination. At the very least, where some stigma is sought to be imposed, the probationer should be accorded notice and an opportunity to be heard. At no time should the unfavorable *861 termination be used, absent those basic safeguards, as a means to circumvent the requirements surrounding the declaration of delinquency.
Defendant’s probationary term is adjudged to have expired of its own force. Both the unfavorable termination and the declaration of delinquency are vacated and annulled.