■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC W. BROOKS, Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered October 9, 1980, which revoked defendant's probation and imposed a sentence of imprisonment. On October 31, 1977, defendant was

convicted of sexual abuse in the first degree and sentenced to a term of five years' probation. He was placed under the supervision of the Broome County Probation Department with instructions to immediately transfer supervision to the State of North Carolina where defendant was moving to live with his mother. On February 20, 1978, defendant was convicted of assault with a deadly weapon and inflicting serious injury in North Carolina for which he received a sentence to a term of imprisonment of not more than 10 years nor less than three years. At that time his probation had not been transferred to North Carolina nor was it at any time thereafter. Following defendant's release from imprisonment, he moved to Boston, Massachusetts, where, on or about April 30, 1980, he was convicted of assault with a dangerous weapon and sentenced to imprisonment for a term of two years with one year suspended. On October 7, 1980, defendant was returned to the Broome County Court for a hearing on a charge of violation of the terms of his probation. At the conclusion of this hearing, the court found him guilty and sentenced him to a term of imprisonment of not more than six years nor less than two years, to run consecutively with the unexpired Massachusetts sentence. On this appeal, defendant contends his conviction should be reversed because the probation department's failure to supervise him bars his prosecution for a violation of the terms of probation and, in any event, the sentence is excessive. Defendant's contentions are without merit. The Broome County Probation Department acted as soon as they were aware of defendant's conviction in the State of North Carolina (CPL 410.30). His ultimate return was entirely proper as there is specific statutory power to terminate probation at any time for conviction of a crime (CPL 410.90; see *People v Klein*, 78 AD2d 743). Under the circumstances of this case, the sentence imposed was neither harsh nor excessive (see *People v Carter*, 43 AD2d 655). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.