■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. WILLIAMS, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered September 28, 1981, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree. On March 13, 1981, defendant and one Hailey, the driver of a car leased to defendant, were stopped by two Albany policemen pursuant to information received from an informant concerning heroin in the vehicle. The officers found a knife and a tinfoil packet containing a substance later identified as heroin under the passenger seat where defendant had been sitting. The car was searched and a quantity of tinfoil packets containing heroin was found in the trunk of the car. Defendant and Hailey were indicted on a single count of criminal possession of a controlled substance in the third degree. Following a trial, defendant was found guilty and Hailey found not guilty. Defendant was sentenced, as a second felony offender, to an indeterminate term of imprisonment with a maximum term of 20 years and a minimum term of 10 years. This appeal ensued and defendant raises several issues urging reversal. Initially, defendant contends that the court erred in failing to charge the lesser included offense of criminal possession of a controlled substance in the seventh degree and in failing to fully explain the presumption contained in subdivision 1 of section 220.25 of the Penal Law. We disagree with both contentions. Concerning the lesser included offense, it is argued that the jury could reasonably have concluded that defendant possessed only the one packet found in the passenger compartment of the car. It is significant, however, that defendant took the stand and denied knowledge and possession of any of the packets of heroin, including that found in the passenger portion of the vehicle. Since there must exist a reasonable view of the evidence which would support a finding that defendant committed the lesser offense but not the greater, he was not entitled to the requested charge (see *People v Scarborough,* 49 NY2d 364, 368-370). As to the charge on the presumption of knowing possession, the court specifically charged the jury that after considering all the evidence they could reject the presumption. The charge was substantially the same as that approved by the Court of Appeals in *People v Leyva* (38 NY2d 160, 170-171) and, consequently, we find no merit to defendant's argument in this regard. We also reject defendant's contention that the verdict was against the weight of the evidence. There was testimony by the arresting officer that defendant orally admitted that the heroin was his and he had come to Albany to sell it. While defendant denied this at trial, such merely presented a

question of credibility for the jury to resolve. On this record, the jury could properly convict defendant and acquit the codefendant Hailey. Evidence was presented indicating that the car in question wás leased to defendant; that defendant admitted owning the heroin and stated it did not belong to Hailey; and that defendant had previously been in the car while no such evidence was introduced concerning Hailey. From our review of the record, we conclude that the jury's verdict was amply supported by the evidence. Contrary to defendant's final contention, we are of the opinion that there was no clear abuse of discretion in the imposition of sentence and, therefore, it should not be disturbed. There must be an affirmance. Judgment affirmed. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.