THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN BROWN, Appellant.

Third Department, October 27, 1983

APPEARANCES OF COUNSEL

*J. Lawrence Dolan* for appellant.

*Sol Greenberg, District Attorney (Ilene R. Bergman* of counsel), for respondent.

MAIN, J.

Shortly after noon on September 15, 1981, a robbery occurred at Larry's Antique Store in the City of Albany. Four people were escorted one by one to a courtyard behind the store by two men who had entered the store on the pretext of purchasing an item and who were brandishing handguns. Two of the victims were the co-owners of the store and the robbers took approximately $3,000 from one and approximately $2,000 from the other. The other two victims were a customer, who gave the robbers $5, and his companion, who had been waiting in front of the store. The companion was marched at gunpoint to the courtyard by one of the robbers and, after telling the robbers she had no money, showed them her empty wallet. The robbers then ordered the victims into the store's bathroom, locked the door, and made their escape. The owner of a neighboring market and his wife noticed, at about 1:00 P.M., two men wearing tan caps running down the street from the direction of Larry's Antique Store. The victims escaped from the bathroom and called the police.

After some investigation and acting on an informant's tip, police officers went to a local motel to determine whether two men who matched descriptions of the robbers were staying there. After a desk clerk confirmed that the two men were sharing a room, the clerk mentioned that one of the men who fit the robbers' descriptions, later identified as Vincent Holburt, was standing in the lobby. The police approached him and, after ascertaining that his accent matched that described by the victims, informed Holburt that they would like to speak to him in his room. Holburt consented and took the officers to the room. Although one policeman testified that Holburt was free to go while they were walking to the room, another officer testified that Holburt was not free to go at that time. After they reached the motel room, Holburt hesitated for a moment while opening the door and the officers asked him if there was anyone in the room. Holburt replied in the affirmative and then opened the door, yelling to the person inside to put up his hands, that the police were with him. Defendant was sitting in the room with his hands up and

on a bed were three handguns. A patdown of defendant and Holburt revealed that they had approximately $2,270 and $1,400, respectively, on their persons. A search warrant was thereafter secured and two tan caps, among other items, were seized from the motel room. After a joint trial, defendant and Holburt were convicted of two counts of robbery in the first degree and one count of attempted robbery in the first degree, the only charges submitted to the jury. Defendant was sentenced to indeterminate terms of 8⅓ to 25 years on the first degree robbery convictions, said terms to run concurrently, and to an indeterminate term of 5 to 15 years on the attempted robbery conviction, this sentence to run consecutively to the other sentences imposed. This appeal by defendant followed.

■ ■ Defendant contends that County Court's ruling denying his suppression motion was erroneous because his Fourth Amendment rights were violated by the warrantless initial entry of the police into the motel room and by the issuance of the search warrant without probable cause. We disagree. Although Fourth Amendment protection is afforded a guest in a motel room (see *Stoner v California,* 376 US 483, 490; *People v Lerhinan,* 90 AD2d 74, 76), the record reveals that defendant and Holburt were sharing the motel room and apparently had a common right of access, thus allowing Holburt to consent to the entry of the room (see *People v Cosme,* 48 NY2d 286, 290; see, also, *People v Ponder,* 54 NY2d 160). Even if Holburt's consent to enter the room was given while he was in custody, as one officer testified (although County Court apparently did not credit this testimony), and this custody violated Holburt's Fourth Amendment rights, the consent would nonetheless be valid as against defendant (see *People v Henley,* 53 NY2d 403, 407-408). Thus, County Court correctly found the entry into the motel room proper.

■ Likewise, the seizure of the tan caps pursuant to the search warrant and their introduction into evidence does not require reversal. The warrant application stated that an interview with two concerned citizens near the scene of the crime revealed that two black males wearing tan caps ran past at about the time of the robbery, but does not disclose the source of the citizens' information. The relia-

bility and trustworthiness of a concerned citizen is well recognized (see, e.g., *People v Hicks,* 38 NY2d 90, 94) and this statement in the warrant application, considered in the context of all the circumstances, would satisfy the totality of the circumstances test recently enunciated by the Supreme Court in *Illinois v Gates* (462 US __, 103 S Ct 2317). The Court of Appeals, however, in a related context, specifically did not consider the effect of *Gates* on New York law (*People v Landy,* 59 NY2d 369, 375, n). Thus, the stricter two-pronged test of *Aguilar v Texas* (378 US 108, 114) is the appropriate standard herein (see, e.g., *People v Bartolomeo,* 53 NY2d 225, 233-234) and, in our view, has been met. The first prong, that of the reliability of the informant, was satisfied because the information was supplied by concerned citizens, whose reliability is recognized (*People v Hicks, supra;* see, also, *People v Ward,* 95 AD2d 233, 237-238). The second prong, that of the basis of knowledge of the informant, was satisfied because, although the source of the concerned citizens' information was not disclosed in the application, the items discovered by the police in the motel room, the money and guns, for example, and the accent with which Holburt spoke were suggestive of the criminal activity for which defendant was suspected and to which the concerned citizens' information related (see *People v Bartolomeo, supra; People v Elwell,* 50 NY2d 231, 241-242; *People v Hanlon,* 36 NY2d 549, 557). Also, the tan caps were observed on individuals running away from the area of the crime at about the time of the crime and, contrary to defendant's contention, were sufficiently connected to the crime to be admitted as evidence. Accordingly, the introduction into evidence of the two tan caps does not require reversal.

■ Also without merit are defendant's contentions that County Court erred in imposing a consecutive sentence for the attempted robbery conviction and that his sentence should be modified. Although the attempted robbery was part of a continuous course of activity, it constituted an act which was distinct and separate from the acts comprising the robberies and, therefore, County Court did not err in imposing a consecutive sentence (see Penal Law, § 70.25, subd 2; *People v Bink,* 93 AD2d 920, 921). The sentences

imposed do not reflect an abuse of discretion and, accordingly, must stand (*People v Williams,* 93 AD2d 948, 949).

The judgment should be affirmed.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment affirmed.