■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT W. HOLBURT, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered January 20, 1982, upon a verdict convicting defendant of the crimes of robbery in the first degree (two counts) and attempted robbery in the first degree (one count). ¶ Defendant was convicted, after a trial, of two counts of first degree robbery and one count of attempted first degree robbery. The conviction arose out of a holdup perpetrated by defendant and another man at an antique store in the City of Albany. The facts of this case are fully set forth in this court's opinion which affirmed the codefendant's conviction (*People v Brown,* 95 AD2d 569). Defendant appeals from his conviction. ¶ Initially, defendant contends that police officers improperly entered his motel room. Police officers approached defendant in the lobby of the motel and told him that they wanted to speak to him. When he responded, the officers detected a West Indies accent and suspected that defendant was the subject of their investigation. They then suggested that they accompany defendant to his room to discuss the matter. Defendant took the officers to the room where he and the codefendant were staying and voluntarily admitted them. Defendant contends that he was under arrest at that time and was coerced into admitting the police officers into his room. Based upon our review of the minutes of the suppression hearing, we disagree. The police clearly had reasonable suspicion to stop defendant and inquire as to the robbery (see *People v Spivey,* 46 NY2d 1014). He was not placed under arrest before he led the police to his room. Even if he had been, it appears from the record that defendant's cooperation was "an unequivocal product of an essentially free and unconstrained choice" (*People v Gonzalez,* 39 NY2d 122, 128). ¶ We also reject defendant's contention that the People failed to lay an adequate foundation for two tan caps which were admitted into evidence, since two witnesses observed the caps being worn by two men fleeing from the area where the crime was committed at the time of the commission of the crime (*People v Brown, supra,* p 572). ¶ Defendant's contentions that the sentence imposed was excessive and that the trial court improperly imposed a consecutive sentence are likewise without merit (*People v Brown, supra,* pp 572-573). We have examined defendant's remaining allegations of error and find them to be unpersuasive. ¶ Judgment affirmed. Mahoney, P. J., Kane, Main, Weiss and Harvey, JJ., concur.