■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH DIAZ, Appellant. — Appeal by defendant from an amended judgment of the Supreme Court, Kings County (Mirabile, J.), rendered April 7, 1982, which, after a hearing, adjudicated him to be in violation of probation, and sentenced him to a term of imprisonment. ¶ Amended judgment affirmed. ¶ On July 14, 1975, defendant was convicted of robbery in the third degree, upon his plea of guilty,

and sentenced to five years' probation on condition that he remain at a particular therapeutic facility. Probation was to have terminated on July 13, 1980. Defendant failed to remain at the facility; instead, he absconded and committed a series of offenses. Initially Criminal Term declined to declare defendant delinquent and directed that he continue on probation. On November 1, 1978, defendant failed to report to his probation officer. He also failed to appear before the Criminal Court, Kings County, on November 20, 1978, in connection with a May 19, 1978 arrest for burglary and possession of stolen property and a bench warrant was issued. Additionally, on December 28, 1978, defendant was arrested in White Plains for petit larceny. A violation warrant was issued on March 6, 1979. Further, defendant failed to appear in Manhattan Criminal Court on April 9, 1979, and a New York County bench warrant was issued. By supplemental violation of probation report, dated May 16, 1979, it was recommended that defendant be declared delinquent and on May 22, 1979 Criminal Term "so ordered" the recommendation and issued a bench warrant. Defendant's whereabouts remained unknown until December 23, 1981, when he was arrested in New York County for petit larceny and criminal possession of stolen property. ¶ Thereafter, on April 7, 1982, a final revocation hearing was held before Justice Mirabile at which time certified copies of defendant's convictions upon his December, 1981 arrest in New York County for petit larceny and criminal possession of stolen property, and upon another February, 1979 arrest in New York County, were submitted to the court. Through his attorney, defendant admitted that he was currently serving two concurrent eight-month prison terms based upon these two convictions, that there was no doubt that he failed to report to his probation officer pursuant to the conditions of the court's sentence and that he was picked up on a warrant. Based upon the two subsequent convictions and defendant's failure to "show any inclination to report to the probation officer through the period that he was not in custody", Criminal Term adjudicated defendant to be in violation of his probation and sentenced him to a prison term of 1 to 3 years, to run concurrently with the two eight-month sentences defendant was then serving. This appeal ensued. ¶ Defendant contends that reversal of the amended judgment is warranted because his term of probation, which was to have expired in July, 1980, was never tolled because no declaration of delinquency was filed, and accordingly, Criminal Term was without jurisdiction to proceed. Further, he urges, even if a written declaration had issued, the failure to bring him before Criminal Term for a final delinquency determination within the original probationary period warrants reversal. We disagree. ¶ Clearly, pursuant to subdivision 2 of section 65.15 of the Penal Law, where a defendant is charged with violation of the conditions of his probation and is declared delinquent by the court, such declaration interrupts the period of the sentence until adjudication of the violation charge (*People v Amaro,* 79 Misc 2d 499, 500). Indeed, the sole purpose for such a declaration is to extend the probationary period (*People v Amaro, supra*). Accordingly, the declaration of delinquency so ordered by Justice Mirabile on May 22, 1979 tolled the running of the probationary period prior to the 1980 expiration date and Criminal Term had jurisdiction over defendant when it conducted a hearing on April 7, 1982, prior to making a final determination as to defendant's delinquency (see Penal Law, § 65.15; *People v Roesler,* 102 Misc 2d 858). ¶ Further, we observe that while, by itself, evidence that a probationer has been arrested for a new offense is not sufficient " 'reasonable cause' " to support issuance of a warrant or a declaration of delinquency (*People v Amaro, supra,* p 500, quoting from CPL 410.30), where, as here, a probationer absconds from the facility he was to be associated with as a condition of his probation, fails to report to his assigned probation officer and is arrested in another county based upon other charges,

sufficient reasonable cause to believe that the probationer has violated a condition of his sentence is demonstrated (see CPL 410.30), and based upon such conduct, revocation of probation and the imposition of a term of imprisonment is proper (see, e.g., *People v King,* 55 AD2d 972). ¶ Finally, although "the court must take prompt 'reasonable and appropriate action' to bring [a] defendant before it for [final] adjudication [of a delinquency declaration] and, where a warrant issues pursuant to CPL 410.40, the Department of Probation must use due diligence in [its execution]" *(People v Roesler, supra,* p 859; see *People v Cooper,* 54 Misc 2d 42; CPL 410.30, 410.40), at bar, any delay in the final adjudication of his delinquency was occasioned by defendant's own conduct. The record indicates that he failed to report to his probation officer, absented himself from the treatment facility, attendance at which was a condition of his probation, and left his Kings County home for parts unknown. He also failed to appear on scheduled court dates, and the subsequent arrests of defendant were effected outside of Kings County. Under such circumstances, any delay in holding a revocation hearing should not be attributed to the Department of Probation (cf. *People v Cooper, supra*). In any event, at the time of the revocation hearing, defense counsel acknowledged that the Department was in fact looking for her client, and no request was made for a hearing on the issue of due diligence. Accordingly, any objection on the ground that the Department was tardy in its efforts to locate defendant has not been preserved for our review as a matter of law (CPL 470.05, subd 2; *People v Thomas,* 50 NY2d 467), and review in the interest of justice is unwarranted. Titone, J. P., Rubin, Boyers and Eiber, JJ., concur.