■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DONATO, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered December 16, 1983, which revoked defendant's probation and imposed a sentence of imprisonment.

In 1981, defendant was convicted of operating a motor vehicle while under the influence of alcohol and sentenced to 30 days in jail and five years' probation. One of the conditions of probation was that defendant not operate a motor vehicle during the five-year period. A deputy sheriff testified at a violation of probation hearing that he observed defendant driving an automobile on the evening of November 18, 1983 in the Village of Altamont, Albany County. County Court found that a violation of probation was established by clear and convincing evidence. Defendant's probation was then revoked and a sentence of 1 to 3 years' imprisonment was imposed. This appeal followed.

There should be an affirmance. Defendant's contention that County Court's barring of testimony concerning his prior compliance with his probation conditions deprived him of an opportunity to be heard is without merit. Defendant had an opportunity to attack or deny the charged violation. The evidence excluded pertained, not to the violation charged, but to his prior record (see, People v Halaby, 77 AD2d 717, 717-718).

Defendant's argument that the evidence was insufficient also lacks merit. There was sufficient eyewitness testimony given by the deputy sheriff to sustain the conviction. The failure to introduce a statement of violations into evidence was not error. The record indicates that defendant was aware of the condition of his probation prohibiting him from operating a motor vehicle and that he understood it.

Finally, the sentence imposed did not exceed the sentence that could have been imposed originally and there are no extraordinary circumstances asserted warranting interference with the sentencing court's exercise of discretion (see, People v

*Jones,* 85 AD2d 50, 55; *People v King,* 55 AD2d 972). We have considered defendant's other assertions of alleged error and find them unpersuasive.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.