■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY CUNNINGHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.), rendered March 31, 1982, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a hypodermic instrument and criminal use of drug paraphernalia in the second degree, upon a jury verdict,

and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant argues that the heroin, hypodermic instrument and drug paraphernalia recovered from the car in which he was a passenger should have been suppressed because the arresting officers did not have a reasonable basis for the initial investigatory stop. However the hearing court specifically found that, as they drove by a parked car, two of the arresting officers observed the defendant and a codefendant smoking what appeared to be a marihuana cigarette and that in light of the officers' previous experience in making arrests for possession of marihuana there was reasonable suspicion for the initial stop which then ripened, during the ensuing course of events, into probable cause to arrest the defendant *(see, People v De Bour,* 40 NY2d 210, 223). Since the hearing court was in the best position to assess the credibility of the witnesses, its determination should be accorded great weight on appeal *(see, People v Prochilo,* 41 NY2d 759; *People v Gee,* 104 AD2d 561). There is no basis in the record for disturbing the determination.

The defendant also contends that the trial court failed to instruct the jury that the "automobile presumption" set forth in Penal Law § 220.25 (1) was a permissive presumption. Having failed to properly object to the charge as given, the defendant has not preserved this claim for appellate review *(see,* CPL 470.05 [2]). In any event, the claim is without merit. The charge, read as a whole, conveyed the requisite permissive nature of the presumption *(see, People v Leyva,* 38 NY2d 160, *rearg denied sub nom. People v Low,* 39 NY2d 832; *People v Williams,* 93 AD2d 948). We also note that the defendant's contention that the trial court improperly charged that the presumption applied to the hypodermic instrument and drug paraphernalia found in the car is similarly unpreserved for our review. In any event, any error in this regard does not require reversal in the interest of justice in light of the overwhelming evidence of guilt.

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.