■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. WALLIS, JR., Appellant.—Mercure, J. Appeal from a judgment of the County Court of Madison County (Humphreys, J.), rendered January 12, 1988, upon a verdict convicting defendant of the crimes of robbery in the first degree, robbery in the second degree (two counts), sodomy in the first degree, assault in the second degree and grand larceny in the fourth degree.

Defendant was convicted after a jury trial of robbery in the first degree, sodomy in the first degree, two counts of robbery in the second degree, assault in the second degree and grand larceny in the fourth degree, all arising out of a June 1987 criminal transaction. Defendant was sentenced to prison terms of 3½ to 10½ years on the convictions of robbery in the first degree and sodomy in the first degree, 2 to 6 years for each count of robbery in the second degree, and 1 to 3 years on the assault and grand larceny convictions. County Court determined that all sentences should run concurrently. On appeal, defendant contends that cumulative prosecutorial misconduct deprived him of a fair trial, that County Court erred in permitting defendant to be cross-examined concerning the

acts underlying a 1982 youthful offender adjudication, and that defendant's attorney failed to properly advise County Court of the viability of alternative sentencing recommendations. The contentions lack merit and do not warrant extended discussion.

Turning to defendant's initial contention, we observe that no objection was made to any of the claimed incidents of prosecutorial impropriety. Accordingly, the issue has not been preserved for our consideration (see, CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *People v Konigsberg,* 137 AD2d 142, 146-147, *lv denied* 72 NY2d 912). Moreover, exercise of our discretion pursuant to CPL 470.15 (3) (c) would be unavailing since our review of the record discloses no prejudicial misconduct *(see, People v Konigsberg, supra,* at 147-148). Next, although a youthful offender adjudication could not be used for impeachment purposes, County Court did not err in permitting the People to cross-examine defendant as to the unauthorized use of a motor vehicle, the illegal act which constituted the basis for the adjudication *(see, People v Cook,* 37 NY2d 591, 595). Finally, since defendant was convicted of several violent felony offenses, an indeterminate term of imprisonment was mandatory *(see,* Penal Law §§ 60.05, 70.02) and County Court was not permitted to consider sentencing alternatives. Moreover, in the absence of clear abuse, we will not interfere with the sentencing court's exercise of discretion *(see, People v Donato,* 112 AD2d 535, *lv denied* 66 NY2d 918).

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.