OPINION OF THE COURT
Philip J. Chetta, J.
On September 15, 1998, October 15, 1998, November 5, 1998, November 24, 1998, December 16, 1998 and April 9, 1999, a joint hearing was held on the above-captioned matters.
Various witnesses testified on behalf of the People and the defense. Based upon the credible evidence adduced, the exhibits offered and deemed marked in evidence the court renders the following findings of fact and conclusions of law.
Indictment No. N10958/98 concerns a hearing on defendant’s motion to suppress physical evidence.
SCI N11208/91 involves a hearing on the prosecution’s claim that defendant violated the terms and conditions of his probationary sentence which was imposed on May 7, 1991, upon his plea of guilty to attempted criminal sale of a controlled substance in the third degree. Defendant seeks a dismissal of this pending matter upon an assertion that his right to a speedy resolution has been violated and thus the court lost jurisdiction to adjudicate the alleged violation of probation.
*751 As regards the latter, on April 17, 1991, defendant pleaded guilty on SCI N11208/91 to attempted criminal sale of a controlled substance in the third degree upon a promised sentence of 30 days’ incarceration and five years’ probation. A transcript of this proceeding reveals that after being sworn, defendant advised the court that his true name was Willie Wong. On May 7, 1991, the promised sentence was imposed at which time the court specifically advised the defendant that he must participate in a therapeutic alcohol abuse program and report to the Department of Probation.
On December 19, 1991, the sentencing court declared defendant delinquent and a written declaration of delinquency was filed by the court. (CPL 410.30.) A review of the copy of the notice to appear dated November 22, 1991, which was sent to defendant and filed with the court, indicates that it was mailed to 18-76 Green Avenue, Ridgewood, New York, the address given by the defendant as his residence at the time of his plea of guilty. An examination of the transcript of December 19, 1991, indicates that the letter was not returned.
When defendant failed to appear as directed on December 19, 1991, a bench warrant was issued. On April 27, 1998, defendant was involuntarily returned on the warrant.
A total of seven specifications of alleged violation have been filed with the court.
Specifications No. 1 and No. 2 deal with defendant’s failure to both report to his probation officer on May 21, 1991 and thereafter, and his failure to participate in an alcohol abuse program.
Specifications No. 3 and No. 4 allege that defendant was separately convicted on August 13, 1992, under indictment numbers 1482/92 and 1105/92 in Kings County of attempted criminal possession of a controlled substance in the third degree and sentenced on each to concurrent terms of six months’ incarceration as a condition of five years’ probation, under the names Willie G. Andrews and William Andrews, respectively.
Specification No. 6 charges that on November 18, 1996, defendant, using the name William Andrews, was convicted of criminal sale of marihuana in the fourth degree in Queens County and sentenced to a conditional discharge and three days’ community service.
Specification No. 7 charges that defendant, under the name of William Anderson, committed the crimes underlying indict *752 ment No. N10958/98 and upon which this court is conducting a joint suppression hearing.
At the outset, during the course of this extended joint hearing defendant conceded specifications No. 1 to No. 6 inclusive while disputing the allegations contained in specification No. 7.
However, despite defendant’s concession of his prior criminality (specification Nos. 2-6 inclusive), and admission of the facts underlying specifications No. 1 and No. 2, it is his position that the People failed to take prompt, reasonable and appropriate action to bring him before the court for adjudication of the declaration of delinquency. (CPL 410.30.) Thus it is argued the probationary period was not tolled (Penal Law § 65.15 [2]) and the court is without jurisdiction to consider the claimed violation of probation.
It must be noted at the outset that a hearing on a violation of probation is not a criminal action, but rather a criminal proceeding brought after the completion of the criminal action whose purpose is to determine if defendant’s subsequent actions violated the terms and conditions of his original sentence. (Matter of Darvin M. v Jacobs, 69 NY2d 957, 958.) Since the time limitations of CPL article 30 are applicable only to criminal actions (CPL 30.20 [1]) the speedy trial provisions of CPL 30.30 do not apply to matters relating to a violation of probation.
However, CPL 410.30 provides in pertinent part that upon the filing of a declaration of delinquency the court must take reasonable and appropriate steps to cause defendant to appear before it. This requirement is initially satisfied by a written notice mailed to defendant directing him to appear before the court. (CPL 410.40 [1]; People v Amaro, 79 Misc 2d 499, 501.) Failure to appear as directed, in and of itself, constitutes a violation of the terms and conditions of his sentence irrespective of whether such requirement is specified as a condition thereof. (CPL 410.40 [1].)
A review of the court file under SCI N11208/91 reveals that a written notice was mailed to defendant’s last known address, 18-76 Green Avenue, Ridgewood, New York, directing him to appear before the court on December 19, 1991, the date the declaration of delinquency was filed by the court. The written notice, not having been returned to the Department of Probation, a bench warrant was issued when defendant failed to appear. (CPL 410.40 [2].)
Accordingly, the People satisfied their initial obligation to take reasonable and appropriate steps to cause defendant’s appearance before the court.
*753 Once a warrant issues, the People must then use due diligence to secure defendant’s presence before the court. (People v Diaz, 101 AD2d 841, 842.) This requirement of due diligence, however, is not implicated if defendant is hiding, or evading service. (People v Roesler, 102 Misc 2d 858; People v Valle, 7 Misc 2d 125; People ex rel. Grosso v Addition, 185 Misc 670.)
The language of these cases as they concern CPL 410.30 is consistent with People v Sigismundi (89 NY2d 587), in its interpretation of the former CPL 30.30 requirement of due diligence in locating an absent defendant. Although speedy trial doesn’t apply, this court can look to the appellate court for guidance in interpreting the concept of due diligence. In that case, the Court of Appeals held that the People need not establish or show that diligent efforts were made to locate the defendant where he was attempting to avoid apprehension by the use of aliases, furnishing different pedigree information or where there are subsequent arrests which lead to the creation of separate NYSID records.
In the instant matter the court finds that defendant, who testified at the hearing, is not a credible witness and that his claims are not worthy of belief.
A review of the transcript of the plea proceeding reveals that at the time of defendant’s entry of his guilty plea under SCI N11208/91 he identified himself as Willie Wong with a date of birth of June 12, 1956. In contrast, during this proceeding, defendant testified that his true name is Willie Andrews with a date of birth of April 11, 1956.
Further, a review of the defendant’s NYSID sheet which is part of the court file under indictment No. N10958/98 reveals that defendant, at one time, had been issued two NYSID numbers.
The court finds incredible defendant’s testimony that upon his plea and sentence on the Brooklyn cases (specifications No. 3 and No. 4) he advised his probation officer of his prior felony conviction in Queens which would of course frustrate his probationary sentence and cause him to be resentenced as a predicate felon to a mandatory term of incarceration.
Defendant is well versed in the criminal justice system and has used aliases offering false pedigrees, various dates of birth as well as having been assigned separate NYSID numbers. Any delay in executing the bench warrant and bringing defendant before the court was the result of defendant’s own conduct and cannot be attributed to the prosecution (People v Diaz, supra, at 843).
*754 Simply, the due diligence requirement of CPL 410.30 is not implicated. (People v Sigismundi, supra.)
Assuming arguendo that the People were required to act diligently in locating defendant (and the court does not so find) the testimony adduced establishes that on January 28, 1992 (a few weeks after the warrant was issued) the Queens Warrant Squad assigned an officer to investigate. Between January 28, 1992 and February 17, 1992, various computer checks were initiated for the defendant under the name of Willie Wong.
On February 18, 1992, the investigating officer visited the address defendant gave as his residence and interviewed both the landlord and a tenant, both of whom were shown defendant’s photograph with negative results. The landlord checked further and could not find any record of defendant residing in the building in question.
Later that day the officer proceeded to the arrest location, spoke to an individual, showing him defendant’s arrest photo with negative results.
Department of Motor Vehicles records were checked on February 24, 1992.
On February 11, 1992 and February 28, 1992, the officer spoke to the probation officer who had been assigned to defendant and could not obtain any additional information. The police officer who had 75 to 100 open investigations closed the case.
Although the due diligence requirements are not implicated, the police did in fact act diligently in attempting to locate defendant.
Accordingly, this court has retained jurisdiction and can adjudicate the criminal proceeding to determine whether defendant violated the terms of his sentence.
As regards the suppression issue under indictment No. N10958/98 the court renders the following determination.
On April 23, 1998 at about 5:05 p.m. Police Officer Burke was part of a “buy and bust” narcotics operation in a known drug-prone location in Queens County. While in his unmarked police vehicle, he observed defendant standing next to a building, smoking what appeared to be a rolled up marihuana cigarette. The officer exited his vehicle, approached defendant and smelled an odor of marihuana on defendant’s breath. Defendant flicked the cigarette, which was not recovered.
Police Officer Burke patted the defendant and felt a hard object. Recovered from defendant was a cell phone, a pager, 12 *755 packets of heroin stamped “Dominican Power” and an envelope of marihuana. Defendant was arrested.
After defendant’s arrest, he was placed inside a police department prisoner van which had been searched for contraband before it left on patrol. The vehicle continued on patrol, where the driver secured two additional prisoners.
Thereafter, defendant, who was in the rear of the van, began to yell and shout about his handcuffs. Officer Quinn, who was the driver, stopped the vehicle and proceeded to adjust the handcuffs when he looked down into the area where defendant had been sitting and observed glassine envelopes secreted in a hole by the rear door. An additional 19 envelopes of heroin were recovered by the officer.
The observation of Police Officer Burke, an experienced and trained officer in the field of narcotics, of what appeared to be a marihuana cigarette being smoked by defendant was a sufficient objective, credible reason to justify approaching the defendant herein. (People v De Bour, 40 NY2d 210.)
Although the cigarette was not recovered, the odor of marihuana is sufficient in and of itself to establish probable cause for arrest. (People v Chestnut, 43 AD2d 260, 261, affd 36 NY2d 971.)
Accordingly, the recovery of the cell phone, pager and packets of heroin was proper as the result of a search incident to a lawful arrest.
Further, the additional contraband recovered from the police prisoner van was abandoned by the defendant, that is, the evidence adduced establishes that he voluntarily relinquished possession and control over the narcotics. (People v Ramirez-Portoreal, 88 NY2d 99.) In any event, it cannot be said that defendant has a reasonable expectation of privacy in a police vehicle so as to have standing to challenge the search (People v Ramirez-Portoreal, supra).
Accordingly, defendant’s motion to suppress physical evidence allegedly illegally seized is denied.
To recapitulate, the court finds that it has jurisdiction to adjudicate whether defendant violated the terms of the sentence imposed on SCI N11208/91. Defendant having conceded the allegations contained in specifications No. 1 to No. 6 inclusive, the court finds that the People obviously have met their burden of proof.
As to the allegations contained in specification No. 7, the court finds that the prosecution has established at the very *756 least that defendant possessed a narcotic drug. Accordingly, specification No. 7 has been sustained.
Therefore, the court finds that defendant has violated the terms and conditions of his probationary sentence. The sentence of probation is revoked and he will be resentenced accordingly.