■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ANDERSON, Also Known as WILLIE WONG, Also Known as WILLIAM ANDREWS, Also Known as WILLIE ANDREWS, Appellant. [741 NYS2d 63] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered October 21, 1999, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chetta, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the hearing court properly denied that branch of his omnibus motion which was to suppress the controlled substances recovered from his person upon his arrest. At the suppression hearing, a police officer testified that he observed the defendant on the sidewalk smoking what appeared to be a marihuana cigarette. He believed that the defendant was smoking marihuana based upon the way that the defendant held the cigarette and the way it was rolled. The officer testified that, upon approaching the defendant, he immediately recognized the smell of burning marihuana. Although the defendant discarded what remained of the cigarette when the officer identified himself, and the cigarette was not found, the officer also detected the odor of marihuana on the defendant's breath when he spoke. Under these circumstances, the officer had probable cause to arrest the defendant, and the subsequent search was proper (see *People v Barnes,* 149 AD2d 359, 360; *People v Cunningham,* 141 AD2d 557, 558).

The defendant also contends that the Supreme Court erred in denying his motion to withdraw his plea of guilty. However, contrary to the defendant's contention, the record shows that his plea was made knowingly, voluntarily, intelligently, and with the assistance of competent counsel (see *People v Sears,* 204 AD2d 578, 579). In addition, his current claim that the Supreme Court and his counsel erroneously advised him that by pleading guilty he would be permitted to raise on appeal the issue that he was denied his right to testify before the grand jury is unpreserved for appellate review (see *People v Lebrun,* 234 AD2d 392).

The contentions raised by the defendant in his supplemental pro se brief are without merit. Smith, J.P., O'Brien, McGinity and Crane, JJ., concur. [*See* 180 Misc 2d 749.]