■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WONG, Also Known as WILLIAM ANDERSON, Also Known as WILLIAM ANDREWS, Appellant. [740 NYS2d 111] —Appeal by the defendant from an amended judgment of the Supreme Court, Queens County (Chetta, J.), rendered August 16, 1999, revoking a sentence of probation previously imposed by the same court (Buchter, J.), upon a finding that he had violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the amended judgment is affirmed.

On May 7, 1991, the defendant, under the name Willie Wong, was convicted in the Supreme Court, Queens County, of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and was sentenced to 30 days in jail and five years probation. In December 1991, a declaration of delinquency was filed and an arrest warrant was issued for the defendant after he failed to appear for a violation of probation hearing. However, he was not apprehended on the warrant until April 1998, when he was arrested in Queens County for criminal possession of a controlled substance in the third degree under the name William Anderson. It was subsequently discovered that during the intervening years from December 1991 to April 1998, the defendant had been arrested several times in both Kings County and Queens County under the name Willie Andrews, and was assigned different NYSID numbers.

The defendant contends that the Supreme Court lacked jurisdiction to hear the violation of probation matter because the People failed to use due diligence in attempting to execute the 1991 arrest warrant. This argument has no merit. It is well settled that once a warrant issues, the People must then use due diligence to secure a defendant's presence before the court (*see People v Diaz,* 101 AD2d 841, 843). This requirement of due diligence, however, is not implicated if a defendant is hiding, or evading service (*see People v Diaz, supra; cf. People v Sigismundi,* 89 NY2d 587; *People v Valle,* 7 Misc 2d 125, 129). The hearing record makes it clear that in 1991 the defendant provided the police, the court, and the probation department with a false name, a false date of birth, and a false address. Moreover, during the ensuing years, when arrested at various times, he provided different names. It is clear that he purposely misled the authorities as to his identity so as to escape the consequences of his criminal conduct.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Smith, J.P., O'Brien, McGinity and Crane, JJ., concur. [*See* 180 Misc 2d 749.]