OPINION OF THE COURT
Ellen M. Yacknin, J.
On July 23, 2005, the Monroe County Office of Probation submitted a letter asking the court to terminate unsatisfactorily *730 probationer Terrance Hill’s probation sentence due to his July 14, 2005 incarceration for a new conviction. On August 5, 2005, the Monroe County Office of Probation submitted a letter asking the court to terminate unsatisfactorily probationer Tanya Akman’s probation sentence due to her July 11, 2005 sentence of incarceration imposed by the Monroe County drug court.
In neither case has the Office of Probation asked the court to issue a declaration of delinquency or warrant of arrest to give each probationer notice and an opportunity to be heard with respect to any alleged probation violations. Instead, the Office of Probation asks the court to sign orders of unsatisfactory termination of probation with respect to these probationers without providing them with any notice or an opportunity to be heard.
The sole issue before the court in these cases is whether the probationers are entitled to advance notice and an opportunity to be heard before the court can order the termination of their probation sentences as having been unsatisfactorily completed.
Facts
I. Probationer Terrance Hill
On July 18, 2003, Terrance Hill was convicted of criminal possession of a controlled substance in Rochester City Court. On September 27, 2003, the court sentenced Mr. Hill to a three-year term of probation.
A violation of probation charge was filed against Mr. Hill based on a new state felony charge that allegedly occurred on January 8, 2004. That charge was later dismissed by the grand jury. While Mr. Hill’s violation of probation action was still pending, Mr. Hill was arrested on a federal charge on April 26, 2004. The violation of probation charge was pending until October 29, 2004 when Mr. Hill was restored to probation.
According to the Office of Probation’s July 23, 2005 letter to the court, on July 14, 2005, Mr. Hill was convicted in federal court for possession with intent to distribute cocaine base, and was sentenced to 27 months in prison, to be followed by three years of supervised release. Based on Mr. Hill’s incarceration on his new conviction, the Office of Probation asks the court to terminate Mr. Hill’s probation as having been unsatisfactorily served.
II. Probationer Tanya Akman
On April 3, 2003, Tanya Akman was convicted of petit larceny in Rochester City Court. On August 27, 2003, the court sentenced Ms. Akman to a three-year term of probation.
*731 A violation of probation charge was filed against Ms. Akman based on her failure to comply with her conditions of probation. The court restored Ms. Akman to probation on April 28, 2004, with additional time added to her probation term. The court also ordered Ms. Akman to complete her drug court obligations that were imposed in a separate case.
According to the Office of Probation’s August 5, 2005 letter to the court, on July 11, 2005, the Monroe County drug court determined that Ms. Akman did not comply with her drug court obligations, and sentenced her to two concurrent one-year terms of incarceration. Based on Ms. Akman’s incarceration by the Monroe County drug court, the Office of Probation asks the court to terminate Ms. Akman’s probation as having been unsatisfactorily served.
Legal Discussion
As a general practice, when the Office of Probation determines that a probationer has violated the conditions of his or her probation, the Office sends a request to the sentencing judge asking him or her to sign a notice of delinquency or warrant of arrest based on the alleged probation violations. Once the notice or warrant is signed, the Office of Probation serves the notice or warrant on the probationer, the probationer must appear in court to be arraigned on the violation charges, and the probationer must be given an opportunity for a hearing. These procedures are mandated by Criminal Procedure Law §§ 410.30, 410.40 and 410.70. Criminal Procedure Law § 410.70 (1) provides that:
“The court may not revoke a sentence of probation . . . unless (a) the court has found that the defendant has violated a condition of the sentence and (b) the defendant has had an opportunity to be heard. The defendant is entitled to a hearing in accordance with this section promptly after the court has filed a declaration of delinquency or has committed him or has fixed bail pursuant to this article.”
The Office of Probation nevertheless asserts that this provision, mandating the provision of notice and hearing rights prior to the revocation of probation, is not required when a probationer has been convicted of a new crime.[1] In particular, the Office contends that Criminal Procedure Law § 410.90 (1), which *732 provides that “[t]he court may at any time terminate ... a period of probation ... for conviction to a crime,” obviates its obligation under Criminal Procedure Law § 410.70 to provide probationer with notice and an opportunity to be heard before a court can revoke a defendant’s sentence of probation as unsatisfactorily served.
The court is mindful that Monroe County probation officers are responsible for large case loads, and that the paper work involved in each case, including the paper work necessary to terminate a probationer’s sentence pursuant to Criminal Procedure Law § 410.70, can be tedious and time-consuming. For this reason, the court appreciates that the Office of Probation might consider the preparation of a notice of delinquency or warrant of arrest, plus the completion of other steps necessary to revoke a probationer’s sentence, to be a technical and unnecessary imposition when a probationer has been convicted of a subsequent crime, given the court’s clear authority to revoke a probationer’s sentence under those circumstances pursuant to Criminal Procedure Law § 410.90 (1).
Nonetheless, the Office of Probation’s interpretation of Criminal Procedure Law § 410.90 (1) is incorrect. In the first place, that provision simply authorizes the termination of a probation sentence based on a probationer’s subsequent criminal conviction. It does not negate the court’s obligation to do so in compliance with the notice and hearing requirements of Criminal Procedure Law § 410.70.
More importantly, a probationer’s right to advance notice and an opportunity to be heard before his or her probation can be revoked as having been unsatisfactorily completed is not merely a statutory right; rather, it is a right mandated by the United States Constitution.
In Gagnon v Scarpelli (411 US 778, 782 [1973]), the United States Supreme Court held that constitutional due process entitles a state probationer, like a state parolee, to notice and a hearing before his or her probation can be terminated. Twelve years later, the Supreme Court again articulated this constitutional principle in Black v Romano (471 US 606 [1985]). The Black court reaffirmed that “[t]he Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by *733 probation. Bearden v. Georgia, 461 U. S. 660, 666, and n. 7 (1983).” (Black v Romano, 471 US at 610.) Specifically, a
“probationer is entitled to written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation . . . The probationer is also entitled to cross-examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation. Finally, the probationer has a right to the assistance of counsel in some circumstances.” (Black v Romano, 471 US at 612.)
Contrary to the Office of Probation’s position, a probationer’s constitutional right to advance notice and an opportunity to be heard prior to the revocation of probation attaches even when the revocation is based on the conviction of a subsequent crime. In holding that constitutional due process mandates notice and hearing rights, the Gagnon court expressly recognized that “[i]n most cases, the probationer or parolee has been convicted of committing another crime or has admitted the charges against him.” (Gagnon, 411 US at 787.) For this reason, among others, while holding that probationers are entitled to notice and hearing rights prior to the revocation of probation, the court declined to hold that indigent probationers are always constitutionally entitled to assignment of counsel. (Gagnon, 411 US at 787.)[2]
Accordingly, the Office of Probation must comply with the constitutionally mandated procedures of advance notice and an opportunity to be heard, as codified in Criminal Procedure Law §§ 410.30, 410.40 and 410.70, before the court will terminate unfavorably a defendant’s sentence of probation. (Cf. People v Burton, 234 AD2d 972 [4th Dept 1996] [probationer’s right to due process not violated where he was afforded due process requirements pursuant to Gagnon v Scarpelli and Criminal Procedure Law § 410.70].)
The court’s decision today should not be unexpected by the Monroe County Office of Probation. In the past, the Office of *734 Probation has followed the notice and hearing procedures required by constitutional and statutory dictates, even where the alleged violation of probation was based on subsequent convictions. (See, e.g., People v Sykes, 167 Misc 2d 588, 588-589 [Sup Ct, Monroe County 1995] [pursuant to Criminal Procedure Law § 410.30, declaration of delinquency was filed charging probationer with probation violations based on subsequent convictions], affd 225 AD2d 1093 [4th Dept 1996], lv denied 88 NY2d 942 [1996]; see also People v Avellanet, 272 AD2d 406 [2d Dept 2000] [failure to provide probationer with notice that he was charged with a probation violation based on a subsequent conviction nullifies a violation determination on that basis]; People v Brooks, 87 AD2d 718 [3d Dept 1982] [defendant’s probation was revoked based on a new conviction pursuant to Criminal Procedure Law § 410.90 following a probation revocation hearing].)
In 1980, five years before the Black court reaffirmed a probationer’s constitutional right to notice and an opportunity to be heard prior to the revocation of a probation sentence, a New York City Criminal Court Judge expressed strong reservations about the New York City Department of Probation’s attempts to obtain judicial revocation of a defendant’s sentence of probation without notice and hearing rights.
In People v Roesler (102 Misc 2d 858 [Crim Ct 1980]), the court vacated defendant’s 1979 unfavorable termination of his probation sentence because the Department of Probation failed to exercise due diligence to return defendant to the court for his hearing following a 1972 violation of probation warrant for his arrest.
In dicta, the court also expressed its disapproval of the Department of Probation’s practice of seeking, in the absence of defendant, to terminate probation unfavorably. The court observed that “[t]his practice is frequently, if not always, employed as a substitute for the full due process adjudication of a declaration of delinquency provided by the CPL” (People v Roesler, 102 Misc 2d at 860). The court stressed that:
“It . . . seems apparent that some impact beyond the mere termination is contemplated and that that impact is not calculated to be beneficial in the case of an unfavorable termination. At the very least, where some stigma is sought to be imposed, the probationer should be accorded notice and an opportunity to be heard. At no time should the *735 unfavorable termination be used, absent those basic safeguards, as a means to circumvent the requirements surrounding the declaration of delinquency.” (People v Roesler, 102 Misc 2d at 860-861.)
While the Roesler court did not cite Gagnon v Scarpelli (411 US 778 [1973]), the court’s concerns and conclusion were solidly validated five years later by the United States Supreme Court in Black v Romano (471 US 606 [1985]).
Conclusion
Particularly when public servants have heavy case loads and face personnel cutbacks, the judiciary should take care not to place unnecessary burdens on their efforts to fulfill their work duties. Nonetheless, the desire for expeditious procedures that might ease the Office of Probation’s work load cannot trump a probationer’s constitutional or legal rights.
Therefore, for the reasons set forth above, the court finds that probationers Terrance Hill and Tanya Akman are entitled to advance notice and an opportunity to be heard before the court can terminate their probation sentences as having been unsatisfactorily served. Accordingly, the court denies the Office of Probation’s request for the court to terminate these probationers’ probation sentences absent compliance with Criminal Procedure Law §§ 410.30, 410.40 and 410.70.

. In response to the court’s July 27, 2005 letter to the Office of Probation expressing its concerns regarding the Office’s ex parte request, the Office sent the court an August 5, 2005 memo explaining its legal position. Even if the *732 Office’s legal analysis were correct, it would not justify the Office’s request for the court to terminate Tanya Akman’s probation without notice and a hearing inasmuch as there is no assertion she was convicted of a subsequent crime.

. Regardless, many New York State courts have required the assignment of counsel for indigent defendants at probation revocation hearings. (See People v Jackson, 153 AD2d 977 [3d Dept 1989]; People v Kubitz, 28 AD2d 969 [4th Dept 1967]; People v Hamilton, 26 AD2d 134 [4th Dept 1966]).