■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMAND ZARRELLI, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered September 25, 1987, upon a verdict convicting defendant of the crime of conspiracy in the second degree.

On July 23, 1986, defendant supplied Michael F. Mackey with $5,000 to be used, together with other funds, for the purchase of one kilogram of cocaine. Mackey and Alfred Munise traveled by airplane to Florida and made the drug purchase from a dealer known as "Felipe" the following day. Munise, returning on a bus, was apprehended in Florida in possession of 994 grams of cocaine. Defendant, indicted for conspiracy in the second degree (Penal Law § 105.15), convicted after trial and sentenced to an indeterminate prison term of 5 to 15 years, now appeals.

Initially, we reject defendant's contention that the People failed to meet their burden of corroborating the testimony of Mackey and Munise, clearly accomplices, with independent evidence tending to connect him with the commission of the crime charged *(see,* CPL 60.22 [1]). All that is required is corroborative evidence which, when considered cumulatively, supports "a reasonable inference that defendant was somehow implicated in the commission of the crime" *(People v Springer,* 127 AD2d 250, 254, *affd on opn below* 71 NY2d 997; *see also, People v Kongisberg,* 137 AD2d 142, 145-146, *lv denied* 72

NY2d 912). Robert Hohenforst testified that he agreed to loan defendant $5,000 and that a check in that amount, payable to "cash", was issued and delivered on July 23, 1986. Gerardo Zarrelli testified that, at defendant's direction, he picked up the $5,000 check from Hohenforst and that he cashed it and paid the money to Mackey the same day. He also testified that Munise was at Mackey's home when he delivered the money. This, together with the uncontroverted evidence that Munise was apprehended in Florida the following day in possession of approximately one kilogram of cocaine, was more than enough to reasonably satisfy a jury that the accomplices were telling the truth (see, People v Moses, 63 NY2d 299, 306). We need not consider the issue of whether sufficient corroborative evidence was presented prior to defendant's motion to dismiss at the conclusion of the People's case, since the testimony of defendant's witness, Zarrelli, remedied any prior inadequacy. "[I]t is settled that a defendant who does not rest after the court fails to grant a motion to dismiss at the close of the People's case, proceeds with the risk that he will inadvertently supply a deficiency in the People's case" (People v Kirkpatrick, 32 NY2d 17, 21, appeal dismissed 414 US 948; see, People v Springer, 127 AD2d 250, 255, n, supra).

Nor do we find that County Court abused its discretion by permitting cross-examination of defendant, in the event that he testified, concerning certain of the facts underlying two unrelated indictments pending at the time of the trial. Specifically, County Court's ruling would have permitted the People to inquire about defendant's alleged sale and attempted sale of cocaine in September and October 1986. The defense to this prosecution was lack of intent, i.e., that defendant was not aware of Mackey's intention to buy cocaine with the $5,000, which defendant merely loaned him. Evidence of relatively contemporaneous attempted and completed sales of cocaine would be highly relevant to negate this defense, and probative of defendant's intent to commit the crime charged (see, People v Tune, 103 AD2d 990, 992; see also, People v Schwartzman, 24 NY2d 241, 249, cert denied 396 US 846). Because the ruling would have permitted questioning of defendant for the purpose of eliciting direct evidence in contradiction of the defenses of lack of intent or mistake, it was entirely consistent with People v Betts (70 NY2d 289), applicable to prosecution cross-examination for "credibility purposes only" (supra, at 291), and its limiting language that the "rule will not * * * preclude prosecutors from inquiry into pending criminal charges if a defendant, in taking the stand, makes assertions that open

the door and render those charges relevant for contradiction and response" *(supra,* at 295; *see, People v Hopkins,* 58 NY2d 1079, 1083; *People v Johnston,* 228 NY 332, 340).

Defendant further contends that the People's impeachment of their witness, Gregory Shell, was improper under CPL 60.35 and *People v Fitzpatrick* (40 NY2d 44) because Shell's answers did not "tend to disprove the position of the [People]" (CPL 60.35 [3]), but merely indicated a lack of recollection. At trial, Shell testified that defendant had acknowledged losing $5,000 in "some deal or investment down in Florida" but that drugs did not come up in the conversation. However, Shell had signed a prior written statement that defendant said "he had given the money to somebody for drugs" and that "[Munise] had been arrested in Florida after buying cocaine with the money"; he also testified before the Grand Jury that defendant "more or less said [Munise] got arrested with his money". This is not a case of neutral failure to recall; Shell's trial testimony directly contradicted his earlier sworn statements, thereby permitting the People to impeach his credibility *(see, People v Winchell,* 98 AD2d 838, 841, *affd* 64 NY2d 826; *People v Mattison,* 97 AD2d 621, 623; *see also, People v Davis,* 112 AD2d 722, 723).

Finally, we find no prejudicial error in the People's summation *(see, People v Galloway,* 54 NY2d 396) or in the Trial Judge's refusal to recuse himself *(see, People v Moreno,* 70 NY2d 403), especially in view of the untimeliness of the motion and lack of evidentiary support therefor *(see, People v Paperno,* 54 NY2d 294). We also reject the contention that the sentence imposed, far less than the maximum permissible sentence *(see, People v Donato,* 112 AD2d 535, *lv denied* 66 NY2d 918; *see also, People v Schilling,* 52 AD2d 681), was harsh or excessive. .

Judgment affirmed. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.