■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HURD, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Clinton County (Garvey, J.), rendered November 15, 1988, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On January 13, 1988, two correction officers from Clinton Correctional Facility in Clinton County searched defendant's

cell and discovered a sharpened metal rod lodged within the mattress. At trial, more than a year later, neither officer could make an in-court identification of defendant as the individual who had occupied the cell. Defendant, however, acknowledged that the officers examined his cell while he stood nearby, but denied that the rod was found during the search. In support of defendant's version, another inmate purporting to be defendant's "brother", and housed in a cell immediately above defendant's, testified that the officers told him they were searching his cell because they had found nothing in defendant's cell. A second inmate and friend of defendant stated that he overheard the officers' plan to frame defendant. And a third inmate, also defendant's friend, testified that he observed a shiny and sharp object at the side of one of the two officers when they were en route to search defendant's cell.

Defendant maintains that the People did not establish that he was an inmate at the time the weapon was found or that he possessed the contraband *(see,* Penal Law § 205.25 [2]); hence, the evidence was insufficient to support his conviction. Viewing the evidence in the light most favorable to the People, as we must *(see, People v Nolasco,* 142 AD2d 785), defendant's contentions are meritless.

Although the correction officers were unable to identify defendant at trial, they unequivocally testified that the cell in which they discovered the weapon was Thomas Hurd's cell. Inasmuch as the defense may supply an element of the crime when the People's case is deficient *(see, People v Zarrelli,* 144 AD2d 819, 820, *lv denied* 73 NY2d 1024) and defendant, testifying in his own behalf, admitted that he was an inmate at the facility and that the officers had searched his cell on the date in question, he thereby established that he was the Thomas Hurd whose cell had indeed been examined. Moreover, each of defendant's witnesses indicated that defendant's cell was the one searched.

Possession by defendant was also satisfactorily shown. A correction officer testified that each inmate is issued one mattress upon arrival, and this mattress remains exclusively in the possession of that inmate, regardless of any cell reassignments. The searching officers discovered the sharpened rod in the mattress in a cell defendant concededly inhabited. Such evidence is sufficient to establish that defendant possessed dangerous contraband *(see,* Penal Law § 10.00 [8]; *see also, People v Watson,* 56 NY2d 632, 633-634).

Judgment affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.