■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO BALANCE-SOLER, Appellant. [748 NYS2d 88] —Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered November 13, 2000, convicting defendant after a jury trial of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that, in issuing supplemental instructions to the jury, County Court should have clarified the differences between the standards of proof of preponderance of the evidence and beyond a reasonable doubt. The court initially instructed the jury with respect to the elements of the crime of murder in the second degree and the affirmative defense of extreme emotional disturbance

(§ 125.25 [1] [a]). The court instructed the jury that the People had the burden of proving the crime beyond a reasonable doubt and defined that standard of proof. The court then instructed the jury that defendant had the burden of proving the affirmative defense by a preponderance of the evidence, and defined that standard of proof. After the jury returned a verdict finding defendant guilty of murder in the second degree, the court instructed the jury to continue deliberating to determine whether defendant had proven the affirmative defense by a preponderance of the evidence. In addition, the court reinstructed the jury on the elements of murder in the second degree and extreme emotional disturbance, including the definition of the preponderance of the evidence standard of proof. The jury returned with a note indicating that extreme emotional disturbance had not been proven by a preponderance of the evidence. Contrary to defendant's contention, the court's supplemental instructions to the jury were meaningful (*see People v Almodovar*, 62 NY2d 126, 131-132), and adequately apprised the jury of the applicable legal principles (*see People v Dory*, 59 NY2d 121, 129; *People v Turcsan*, 201 AD2d 595, *lv denied* 83 NY2d 915). Present—Pigott, Jr., P.J., Green, Hayes, Kehoe and Gorski, JJ.