■ The People of the State of New York, Respondent, v Carlton Webb, Appellant. [772 NYS2d 333]—

Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered August 21, 2002, convicting defendant, after a jury trial, of criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was charged with knowingly possessing a Metrocard which had been folded or bent in a particular way such that although the value of the card had been exhausted, a user could obtain one additional free ride. In a pretrial ruling, the motion court had correctly granted the prosecution permission to introduce at trial evidence of one of defendant's prior convictions for the same crime, pursuant to *People v Molineux* (168 NY 264, 293 [1901]), as proof of defendant's knowledge and

intent. At voir dire, after defense counsel informed the panel that evidence of defendant's prior crimes would be introduced for a "limited purpose," to be explained later, he asked the panel if they could base their deliberations on the evidence in the case before them and not on the prior conviction. Prospective juror Phillips, who was questioned individually by defense counsel and the court, repeatedly admitted that he would be biased by the prior conviction, his willingness to consider the rest of the evidence notwithstanding.

When the defense sought to challenge prospective juror Phillips for cause, the court denied the challenge despite having "failed to obtain a personal, unequivocal declaration or assurance of impartiality from [prospective juror Phillips]," which left a "possible predisposition . . . against the defendant" (*People v Butler*, 287 AD2d 647, 648 [2001]). Since this resulted in the defense having to exercise a peremptory challenge, and it exhausted all of its peremptory challenges prior to completion of jury selection, the court's denial of the challenge for cause was reversible error (*id.*; *see also People v Chambers*, 97 NY2d 417, 419 [2002]). Although Mr. Phillips did not respond to the court's final, general query to the panel as to whether any panel member would be unable to keep an open mind once they found out that defendant had been convicted of a crime, his ultimate response when questioned individually, that evidence of prior crimes "would partially sway my decision. It would affect my judgment," constituted sufficient grounds to dismiss him for cause.

The record otherwise shows that the prior crime evidence was not unduly prejudicial and that the trial court sufficiently instructed the jury as to the limited purpose for which it was to be considered. Concur—Mazzarelli, J.P., Saxe, Ellerin and Williams, JJ.