[979 NE2d 1173, 955 NYS2d 846]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ALVAREZ, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GEORGE, Appellant.

Argued September 7, 2012; decided October 30, 2012

## POINTS OF COUNSEL

*Appellate Advocates*, New York City (*Kendra L. Hutchinson* and *Lynn W.L. Fahey* of counsel), for appellant in the first above-entitled action. Appellant was denied his Sixth Amendment right to a public trial when the court, pursuant to its blanket policy in every criminal trial, secretly ejected his parents from the courtroom due to purportedly insufficient seating without informing the parties, considering reasonable alternatives to closure, or even engaging at all in the *Waller v Georgia* (467 US 39 [1984]) analysis. (*People v Martin*, 16 NY3d 607; *People v Colon*, 71 NY2d 410; *In re Oliver*, 333 US 257; *People v Jones*, 47 NY2d 409; *People v Kin Kan*, 78 NY2d 54; *People v Peterson*, 186 AD2d 231, 81 NY2d 824; *People v De Jesus*, 42 NY2d 519; *Levine v United States*, 362 US 610; *Press-Enterprise Co. v Superior Court of Cal., Riverside Cty.*, 464 US 501; *People v Ramos*, 90 NY2d 490.)

*Richard A. Brown, District Attorney*, Kew Gardens (*Danielle Hartman* and *John M. Castellano* of counsel), for respondent in the first above-entitled action. Because defendant did not raise his public trial claim until after his parents were readmitted to the courtroom, he failed to preserve his contention for review and failed to comply with Supreme Court precedent requiring that he invoke his right to a public trial. Further, defendant's statement in open court indicating that he had no desire for his family to be present in the courtroom during jury selection constituted a waiver of his claim and rendered the closure trivial as to him. (*People v Gray*, 86 NY2d 10; *People v Jackson*, 196 NY 357; *People v Garcia*, 95 NY2d 946; *People v Nieves*, 90 NY2d 426; *People v Miller*, 257 NY 54; *People v Martin*, 50 NY2d 1029; *People v Michael*, 48 NY2d 1; *People v Kelly*, 5 NY3d 116; *People v Martin*, 16 NY3d 607; *Gibbons v Savage*, 555 F3d 112.)

*Appellate Advocates*, New York City (*Denise A. Corsi* and *Lynn W.L. Fahey* of counsel), for appellant in the second above-entitled action. Appellant's Sixth Amendment right to a public trial was violated when the court closed the courtroom during jury selection for insufficient reasons and without considering alternatives to closure. (*Waller v Georgia*, 467 US 39; *People v Martin*, 16 NY3d 607; *People v Hinton*, 31 NY2d 71; *In re Oliver*, 333

US 257; *People v Colon*, 71 NY2d 410; *People v Jones*, 47 NY2d 409; *Press-Enterprise Co. v Superior Court of Cal., Riverside Cty.*, 464 US 501; *People v Kin Kan*, 78 NY2d 54; *Gibbons v Savage*, 555 F3d 112; *People v Clemons*, 78 NY2d 48.)

*Charles J. Hynes, District Attorney*, Brooklyn (*Sholom J. Twersky, Leonard Joblove* and *Victor Barall* of counsel), for respondent in the second above-entitled action. Defendant failed to preserve his claim that he was deprived of his right to a public trial. In any event, the trial court's temporary exclusion of defendant's mother and other spectators from a limited portion of the initial stage of voir dire was of a de minimis nature, and thus, does not warrant reversal of his conviction. (*People v Nieves*, 2 NY3d 310; *People v Martin*, 16 NY3d 607; *Waller v Georgia*, 467 US 39; *People v Miller*, 257 NY 54; *People v Vargas*, 236 AD2d 258; *People v Rivera*, 162 AD2d 728; *People v Scott*, 134 AD2d 379; *People v Garcia*, 95 NY2d 946; *People v Nieves*, 90 NY2d 426; *United States v Hitt*, 473 F3d 146.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

The question presented by these appeals is whether a defendant must preserve the argument that he was deprived of the right to a public trial when his family members were excluded from the courtroom during a portion of voir dire. Because we find that preservation is required, we must affirm in *George*. However, since the issue was adequately preserved in *Alvarez*, we reverse and remit the matter to Supreme Court for a new trial.

## *People v Alvarez*

Alvarez was charged with two counts each of criminal possession of a weapon in the second, third and fourth degrees. Prior to trial, the parties discussed the possibility of defendant pleading guilty but, after discussing the offer with his mother, defendant elected to proceed to trial. The court brought in potential jurors and the parties conducted voir dire. Five jurors were selected from the first prospective venire. Another panel of 14 prospective jurors was then asked preliminary questions by the court concerning their prior experiences as jurors.

Upon returning from the lunch recess, defense counsel notified the court that, although it had escaped his notice, defendant advised him that his parents had not been present for the morning's jury selection proceedings. Although defendant's

parents were present at that time, counsel moved for a mistrial based on the earlier denial of the right to a public trial. The court denied the motion, observing that the courtroom had been filled by prospective jurors and that in "every trial we ask the family to step out and as soon as seats are available, they are [the] first ones offered seats."

The jury ultimately convicted defendant as charged. The Appellate Division modified by vacating the convictions for criminal possession of a weapon in the fourth degree and remitting for resentencing, and otherwise affirmed (76 AD3d 1098 [2d Dept 2010]). The Court rejected defendant's argument that he had been deprived of a public trial as unpreserved and, in any event, without merit. A Judge of this Court granted defendant leave to appeal (16 NY3d 827 [2011]) and we now reverse.

### *People v George*

Defendant was charged with robbery in the first, second and third degrees, as well as petit larceny. Prior to jury selection, the court noted that

> "the defendant has some people in the courtroom and they are certainly entitled to be here. The only thing I would ask, when we have potential jurors come in, there will not be enough seats for everybody. Within five minutes, I'll excuse people and in order to not have spectators and jurors sitting together I'll have the spectators leave."

Defense counsel made no protest, but instead thanked the judge, and the parties continued with the proceedings. The court brought in a panel of prospective jurors, gave them preliminary instructions and excused a number of individuals who indicated that they were unable to be fair and impartial. After 18 prospective jurors were placed in the box for additional questioning, the court asked the remaining prospective jurors to move forward, freeing the last row for the public. The court then requested that, when a court officer became available, any spectators be notified that they could enter the courtroom.

After trial, defendant was convicted of robbery in the first and second degrees. The Appellate Division affirmed, finding defendant's argument that his right to a public trial had been violated unpreserved and, in any event, without merit (79 AD3d 1148 [2d Dept 2010]). A Judge of this Court granted defendant leave to appeal (16 NY3d 827 [2011]) and we now affirm.

## Discussion

The right to a public trial "has long been regarded as a fundamental privilege of the defendant in a criminal prosecution and extends to the voir dire portion of the trial" (*People v Martin*, 16 NY3d 607, 611 [2011] [internal quotation marks and citations omitted]). Proceedings may nonetheless be closed when necessary, but the party seeking closure " 'must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and . . . must make findings adequate to support the closure' " (*Martin*, 16 NY3d at 611, quoting *Waller v Georgia*, 467 US 39, 48 [1984]).

In *Martin*, the defendant's father was excluded from the courtroom during voir dire because the court maintained that it needed every seat for prospective jurors and because the court did not want the father communicating with any members of the jury pool. Despite the defendant's objection on public trial grounds, the court closed the proceeding without considering any alternatives (*see Martin*, 16 NY3d at 610). We observed that neither of the concerns advanced by the trial court, "without more," amounted to "an overriding interest . . . likely to be prejudiced," but determined that "the trial court's failure to consider any alternate accommodations violated defendant's right to an open trial, regardless of the reasons for closure" (*Martin*, 16 NY3d at 611, 612). The obligation rests with the court to consider alternatives, even where the parties themselves do not offer any (*see Martin*, 16 NY3d at 612).

Our holding rested on *Presley v Georgia* (558 US 209, 213-214 [2010]), in which the United States Supreme Court made clear that a defendant's right to a public trial under the Sixth Amendment includes the voir dire of prospective jurors. The Court observed that it had previously recognized that the First Amendment gave the public a right to be present at the voir dire stage of a trial in *Press-Enterprise Co. v Superior Court of Cal., Riverside Cty.* (464 US 501, 510 [1984]) and saw no basis for according a defendant any lesser protections under the Sixth Amendment (*see Presley*, 558 US at 213-214). The Court also held that "trial courts are required to consider alternatives to closure even when they are not offered by the parties," observing that " '[t]he process of juror selection is itself a matter of importance, not simply to the adversaries but to the criminal

justice system' " (*Presley*, 558 US at 214, quoting *Press-Enterprise Co.*, 464 US at 505).

It is apparent that neither trial judge in the present cases considered any alternatives to closure. Rather, it seems to have been common practice, perhaps based on the size of the courtrooms involved, to exclude spectators during jury selection. However, our inquiry does not end there. Defendants maintain that *Presley* obviated any requirement that they raise a public trial objection. Although *Presley* clearly holds that the trial court has the obligation to consider alternatives to closure, it did not address whether a defendant must preserve his or her objection on public trial grounds. Indeed, defense counsel in that case "objected to the exclusion of the public from the courtroom . . . [and] requested some accommodation" (*Presley*, 558 US at 210 [internal quotation marks omitted]), thereby bringing the issue to the trial court's attention. We decline to eliminate the preservation requirement on the basis of *Presley*. That case did not decide the issue.

The argument that a public trial violation is a mode of proceedings error likewise lacks merit. We have consistently required that errors of constitutional dimension—including the right to a public trial—must be preserved (*see e.g. People v Garcia*, 95 NY2d 946, 947 [2000]; *People v Nieves*, 90 NY2d 426, 431 n [1997]). As *Presley* does not compel any change in this respect, preservation of public trial claims is still required. Bringing a public trial violation to a judge's attention in the first instance will ensure the timely opportunity to correct such errors.

■■ Since George raised no objection, his claim is clearly unpreserved. By contrast, the protest raised by defense counsel in *Alvarez*, both immediately after the violation and as soon as he realized that an error had occurred, was sufficient to preserve the public trial issue. Notably, the court did not take issue with the credibility of counsel's representation that he had only just learned that defendant's parents had been excluded from the courtroom; nor was there any indication that counsel was attempting to engage in some type of artifice. In these circumstances, where only five jurors had been selected, the appropriate remedy would have been to grant the request for a mistrial and start jury selection anew.

We have considered the People's remaining arguments in *Alvarez* and find them to be without merit.

Accordingly, in *Alvarez*, the order of the Appellate Division should be reversed and a new trial ordered, and in *George*, the order of the Appellate Division should be affirmed.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

In *People v Alvarez*: Order reversed, etc.

In *People v George*: Order affirmed.