Judgment, Supreme Court, New York County (Jill Konviser, J.), rendered July 26, 2010, as amended July 29, 2010, convicting defendant, after a jury trial, of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 2V2 to 5 years, unanimously modified, as a matter of discretion and in the interest of justice, to the extent of reducing the sentence to a term of 2 to 4 years, and otherwise affirmed.
While defendant was in prison awaiting trial on charges of which he was subsequently acquitted, a shank was discovered hidden in his cell, during a surprise search. Although defendant did not testify, he proffered a defense, through cross-examination and argument, that the shank did not belong to him, but might have been left in the cell by someone else. Over objection, the court admitted evidence on the People’s direct case that shanks were recovered from defendant’s cell in both a past incident and a subsequent incident.
Defendant argues that the evidence of these uncharged crimes should not have been admitted under People v Molineux (168 NY 264 [1901]). This evidence, however, was not received as proof that defendant had a propensity to keep shanks in his cell. Instead, it was probative of defendant’s knowledge and intent in that “knowing possession” was an element of at least one of the charges on which he was convicted (Penal Law § 205.25 [2]; see e.g. People v Giles, 11 NY3d 495 [2008]; People v Webb, 5 AD3d 115 [1st Dept 2004], lv denied 2 NY3d 809 [2004]). Although defendant argues that he did not “possess” *434 the shank (see People v Blair, 90 NY2d 1003 [1997]), there was no testimony refuting the fact that the shank was discovered in a cell occupied only by him (see People v Hurd, 161 AD2d 841 [1990]). The contested issue at trial was whether defendant actually knew the shank was in his cell, directly implicating his state of mind (see People v Alvino, 71 NY2d 233 [1987]). The trial court correctly held that the probative value of this evidence outweighed its prejudicial effect, which the court minimized by way of thorough and repeated limiting instructions.
Defendant’s related argument concerning the prosecutor’s summation is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal of the judgment.
The court, however, finds that as a matter of discretion and in the interest of justice, the sentence should be reduced to a term of 2 to 4 years. Concur—Saxe, J.P., Renwick, Freedman, Roman and Gische, JJ.