THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO CRUZ, Appellant. [13 NYS3d 420]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered July 8, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, and criminally using drug paraphernalia in the second degree (four counts), and sentencing him to an aggregate term of 16 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence amply established that defendant was a participant in the drug sale. In addition to evidence plainly supporting the inference that defendant acted as a lookout during the sale, the police investigation established that defendant was part of an ongoing drug-trafficking operation, and that his role included, among other things, storing drugs in his apartment. In sum, "[d]efendant's entire course of conduct and interactions with his codefendants supported the conclusion that he was a participant in a drug operation, and that he assisted the others by acting as a lookout" (*People v Eduardo*, 44 AD3d 371, 372 [1st Dept 2007], *affd* 11 NY3d 484 [2008]).

For the reasons stated in *People v Tate* (130 AD3d 505 [1st Dept 2015] [decided simultaneously herewith]), we find that defendant failed to preserve his claim that the court was

required to provide the public with notice of an impending hearing on the closure of the courtroom during an undercover officer's testimony, and we decline to review it in the interest of justice, and we also find that defendant lacks standing to assert such a claim.

We have considered and rejected defendant's remaining claims concerning closure of the courtroom (*see generally Waller v Georgia*, 467 US 39 [1984]; *People v Ramos*, 90 NY2d 490, 498-499 [1997], *cert denied* 522 US 1002 [1997]). Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.