■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY TATE, Appellant. [14 NYS3d 332]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 23, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to an aggregate term of five years, unanimously affirmed.

Defendant did not preserve his claim that, before closing the courtroom during the testimony of an undercover officer in order to protect his identity, the court was required, under the First Amendment, to provide the public with notice and an opportunity to be heard on the closure. "[E]rrors of constitutional dimension—including the right to a public trial—must be preserved" (*People v Alvarez*, 20 NY3d 75, 81 [2012], *cert denied* 569 US —, 133 S Ct 2004 [2013]). Although defendant asserted his own right to a public trial, that assertion did nothing to alert the court that he wanted it to invent, or import from other jurisdictions, new remedies for the benefit of nonparties, including the "posting" or "docketing" of information about the impending hearing on the closure issue. Defendant's entire argument in this regard is raised for the first time on appeal, and we decline to review it in the interest of justice.

We also find that defendant's claim is procedurally barred because he lacks standing to assert it (*see People v Campbell*, 63 AD3d 754 [2d Dept 2009], *lv denied* 13 NY3d 835 [2009], *cert denied* 559 US 1014 [2010]). The issue is not whether defendant has standing to challenge the exclusion of the public during the undercover officer's testimony, but whether he has

standing to challenge the absence of *notice* to nonparties of an impending closure hearing. Defendant has not established standing under the principles set forth in *Powers v Ohio* (499 US 400, 410-411 [1991]). Defendant, who had a full opportunity to litigate the closure issue, has not shown how he was injured by the lack of notice to the public.

We find that the court's ruling regarding closure constituted a provident exercise of discretion that did not violated defendant's right to a public trial or anyone's First Amendment rights. Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.