■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN SANTOS, Appellant. [57 NYS3d 262]—

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 27, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the conviction of assault in the first degree (Penal Law § 120.10 [1]) to assault in the second degree (§ 120.05 [2]), and vacating the sentence imposed on count three of the indictment, and as modified the judgment is affirmed and the matter is remitted to Onondaga County Court for sentencing on the conviction of assault in the second degree.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). This case arose from an incident in which two victims were ambushed on a residential street in the City of Syracuse by three assailants. One victim sustained gunshot wounds to the leg and survived. The other victim was shot in the head and died. Eyewitnesses initially identified defendant and Maximino Alvarez as two of the assailants, and Pedro Romero was later identified as the third assailant. A grand jury indicted defendant, Alvarez, and Romero on an acting-in-concert theory, and Alvarez eventually pleaded guilty and agreed to testify against defendant.

Defendant contends that his conviction of assault in the first degree as charged in count three of the indictment is based on legally insufficient evidence because there is insufficient evidence that the surviving victim suffered serious physical injury (see Penal Law § 120.10 [1]). We agree. The Penal Law defines "serious physical injury" as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (§ 10.00 [10]). Although the jury had the opportunity to view the scars on the victim's leg caused by his gunshot

wounds, "the record does not contain any pictures or descriptions of what the jury saw so as to prove that these scars constitute serious or protracted disfigurement" (*People v Tucker*, 91 AD3d 1030, 1032 [2012], *lv denied* 19 NY3d 1002 [2012]; *see generally People v McKinnon*, 15 NY3d 311, 315-316 [2010]). Furthermore, in our view, the victim's testimony that he "feel[s] pain in [his] leg" in cold weather does not constitute evidence of persistent pain so severe as to cause "protracted impairment of health" (§ 10.00 [10]; *see generally People v Stewart*, 18 NY3d 831, 832-833 [2011]). We conclude, however, that the evidence is legally sufficient to support a conviction of the lesser included offense of assault in the second degree (§ 120.05 [2]), and we therefore modify the judgment accordingly.

We reject defendant's further contention that the verdict is against the weight of the evidence with respect to the issue whether he acted in concert with Alvarez and Romero. "The jury's resolution of credibility and identification issues is entitled to great weight" (*People v Houston*, 142 AD3d 1397, 1398 [2016], *lv denied* 28 NY3d 1146 [2017] [internal quotation marks omitted]), and we see no reason to disturb the jury's resolution of those issues in this case. Viewing the evidence in light of the elements of the crimes of murder, attempted murder, and criminal possession of a weapon, as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those crimes is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant also contends that he was denied a fair trial when County Court allowed the prosecutor to question Alvarez about a threatening letter that Alvarez had received while he was in prison. We reject that contention. Although it is an abuse of discretion for the court to allow a witness to testify concerning threats made by third parties relative to the witness's testimony absent evidence linking those threats to the defendant (*see People v Jones*, 21 NY3d 449, 456 [2013]; *People v Myrick*, 31 AD3d 668, 669 [2006], *lv denied* 7 NY3d 927 [2006]), here, we conclude that there was no abuse of discretion. Alvarez in fact testified that he did not receive any threats from defendant or from any third party on defendant's behalf. Alvarez acknowledged receiving a letter, but he testified that he did not take the letter to be a threat.

Defendant failed to preserve for our review his contention that he was denied a fair trial due to prosecutorial misconduct during summation (*see People v Simmons*, 133 AD3d 1227, 1228 [2015]), and we decline to exercise our power to review

that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, we conclude that the court properly denied his request for a missing witness charge because he "failed to meet his initial burden of establishing that [the] witness would provide testimony favorable to the prosecution" (*People v Butler*, 140 AD3d 1610, 1611 [2016], *lv denied* 28 NY3d 969 [2016]). Finally, the sentence is not unduly harsh or severe. Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.