People v Williams (2018 NY Slip Op 00741)





People v Williams


2018 NY Slip Op 00741


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1416 KA 15-00765

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROMEO WILLIAMS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 22, 2014. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]) and assault in the second degree (§ 120.05 [12]). The evidence at trial established that, after a night of drinking alcohol and taking recreational drugs, defendant punched a 70-year-old man in the face outside a convenience store, without any provocation. Defendant entered the store, and while there he announced that he was going back outside into the parking lot to "kick the guy in the face" and "knock [him] out." Witnesses observed as defendant kicked the victim in the face repeatedly and then fled. A bystander then approached the victim, who was "gurgling for breath." When paramedics arrived seven minutes later, the victim had no pulse. He never regained consciousness.
Defendant contends that his conviction on the count of manslaughter in the first degree is based on legally insufficient evidence of intent to cause serious physical injury. Preliminarily, contrary to the People's assertion, defendant preserved his contention for our review inasmuch as his motion for a trial order of dismissal was " specifically directed' at the alleged error" (People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "[A] defendant may be presumed to intend the natural and probable consequences of his [or her] actions" (People v Meacham, 151 AD3d 1666, 1668 [4th Dept 2017], lv denied 30 NY3d 981 [2017] [internal quotation marks omitted]), and "the natural and probable consequence of repeatedly [striking] a defenseless man in the face is that he will sustain a serious physical injury within the meaning of Penal Law § 10.00 (10)" (People v Williams, 94 AD3d 1452, 1452 [4th Dept 2012], lv denied 19 NY3d 978 [2012]; see People v Mahoney, 6 AD3d 1104, 1104 [4th Dept 2004], lv denied 3 NY3d 660 [2004]). Furthermore, it is well settled that "[a]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (People v Gonzalez, 6 AD3d 457, 457 [2d Dept 2004], lv denied 2 NY3d 799 [2004]; see People v Principio, 107 AD3d 1572, 1573 [4th Dept 2013], lv denied 22 NY3d 1090 [2014]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention that he was denied a fair trial [*2]based on prosecutorial misconduct during summation (see People v Santos, 151 AD3d 1620, 1621-1622 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Furthermore, the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defense counsel provided defendant with meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, the sentence is not unduly harsh and severe.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court