People v Killings (2018 NY Slip Op 01752)





People v Killings


2018 NY Slip Op 01752


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


241 KA 16-01400

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TREVON KILLINGS, DEFENDANT-APPELLANT. 






ADAM H. VANBUSKIRK, AUBURN, FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered January 12, 2016. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree and tampering with physical evidence. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]) and tampering with physical evidence
(§ 215.40 [2]). Defendant's conviction arose from an incident that occurred when he was an inmate in a correctional facility, in which he fought with another inmate. Defendant was observed making slashing motions toward the other inmate, who sustained a laceration on his cheek. The fight was observed by one correction officer and, when other correction officers arrived to assist, the inmates stopped fighting and assumed a position to be frisked. No contraband was recovered.
Defendant contends that the conviction of promoting prison contraband in the first degree is not based on legally sufficient evidence with respect to his identity and his possession of the dangerous contraband. We reject that contention. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that defendant's identity as the inmate who was fighting with another inmate while making slashing motions and his possession of dangerous contraband is supported by legally sufficient evidence (see People v Hurd, 161 AD2d 841, 842 [3d Dept 1990], lv denied 76 NY2d 858 [1990]). The correction officer who witnessed the fight was unable to make an in-court identification of defendant at trial, but he testified that he confirmed defendant's identification immediately after the fight by being shown defendant's identification card. In addition, other correction officers who arrived at the scene after the fight ended identified defendant at trial as one of the two inmates who was frisked and interviewed after the incident. Although no weapon was recovered, the evidence further established that the other inmate sustained a cut to his cheek that required 30 sutures, and there was testimony that the injury was consistent with a weapon fashioned from a razor blade, scalpel, can lid, or exacto knife. The jury could thus infer based on that evidence that defendant possessed dangerous contraband (see People v Blunt, 149 AD3d 1573, 1573 [4th Dept 2017], lv denied 29 NY3d 1123 [2017]). We reject defendant's further contention that his conviction of tampering with physical evidence is not based on legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's contention, County Court properly denied his request for a missing witness charge with respect to the other inmate involved in the fight. Defendant failed to [*2]meet his burden of establishing that the witness would provide testimony that was favorable to the People (see People v Edwards, 14 NY3d 733, 735 [2010]; People v Santos, 151 AD3d 1620, 1622 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). Indeed, in requesting the missing witness charge, defendant asserted that it was anticipated that the inmate "would testify favorably for the defense." Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court