People v Hinojoso-Soto (2018 NY Slip Op 03264)





People v Hinojoso-soto


2018 NY Slip Op 03264


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND WINSLOW, JJ.


462 KA 12-00694

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RODOLFO HINOJOSO-SOTO, DEFENDANT-APPELLANT. 






J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered April 5, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and attempted criminal sale of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and attempted criminal sale of a controlled substance in the third degree (§§ 110.00, 220.39 [1]). The charges arose from allegations that defendant sold to a man a substance that defendant represented was cocaine but, when the man expressed dissatisfaction with the quality of the drugs, defendant shot and killed him.
Defendant contends that Supreme Court should have suppressed his statements to the police because the People failed to establish that he, a native Spanish speaker, understood and knowingly, voluntarily and intelligently waived his Miranda rights. We reject that contention. It is well settled that "[a] defendant's waiver of his Miranda rights must be knowing, voluntary, and intelligent . . . [, and] if his English language comprehension was so deficient that he could not understand the import of his rights, his [statements] could not have been voluntary" (People v Jin Cheng Lin, 26 NY3d 701, 725 [2016]). To meet their initial burden when seeking to admit statements in evidence from such a defendant, "[t]he People must establish that the defendant grasped that he or she did not have to speak to the interrogator; that any statement might be used to the subject's disadvantage; and that an attorney's assistance would be provided upon request, at any time, and before questioning is continued' " (id. at 726, quoting People v Williams, 62 NY2d 285, 289 [1984]). Here, we conclude that the People met their initial burden by introducing evidence establishing that the officers provided Miranda warnings in both English and Spanish, and that defendant responded to questioning without exhibiting any difficulty in comprehending or responding (see People v Valle, 70 AD3d 1386, 1386-1387 [4th Dept 2010], lv denied 15 NY3d 758 [2010]; see generally People v Esquerdo, 71 AD3d 1424, 1425 [4th Dept 2010], lv denied 14 NY3d 887 [2010]). Thereafter, " the burden of persuasion' " with respect to suppression shifted to defendant (People v Dunlap, 24 AD3d 1318, 1319 [4th Dept 2005], lv denied 6 NY3d 812 [2006]; see People v Williams, 118 AD3d 1429, 1429 [4th Dept 2014], lv dismissed 24 NY3d 1222 [2015]). We further conclude that defendant failed to meet his burden, and the court therefore properly refused to suppress his statements.
Defendant further contends that suppression of his statements was required because the police did not reread the Miranda warnings at later times in the interrogation process. That contention is without merit. There is "no need for the police to readminister Miranda warnings[ where, as here,] defendant remained in continuous custody, nothing occurred that would have induced defendant to believe he was no longer the focal point of the investigation, and there was [*2]no reason to believe that defendant no longer understood his constitutional rights" (People v Dudley, 31 AD3d 264, 265 [1st Dept 2006], lv denied 7 NY3d 866 [2006]; see People v Mendez, 77 AD3d 1312, 1312 [4th Dept 2010], lv denied 16 NY3d 799 [2011]; cf. People v Guilford, 21 NY3d 205, 209-213 [2013]; see generally People v Glinsman, 107 AD2d 710, 710 [2d Dept 1985], lv denied 64 NY2d 889 [1985], cert denied 472 US 1021 [1985]). Defendant's contention concerning the length of time over which the questioning took place is likewise without merit inasmuch as the evidence from the suppression hearing establishes that the police questioned defendant for approximately six hours and then stopped, that defendant slept for approximately eight hours, and that defendant then sought out a specific police investigator and asked if the questioning could continue.
We reject defendant's further contention that the court erred in its determination of the exact point at which defendant's attorney informed the police that he represented defendant. It is well settled that the "factual findings and credibility determinations of a hearing court are entitled to great deference on appeal, and [they] will not be disturbed unless clearly unsupported by the record" (People v Collier, 35 AD3d 628, 629 [2d Dept 2006], lv denied 8 NY3d 879 [2007], reconsideration denied 9 NY3d 841 [2007]; see People v Rodas, 145 AD3d 1452, 1452-1453 [4th Dept 2016]; People v Hogan, 136 AD3d 1399, 1400 [4th Dept 2016], lv denied 27 NY3d 1070 [2016]). Contrary to defendant's contention, the record supports the court's determination regarding the specific times at which defendant made the incriminating statements to the police and at which defendant's attorney informed a police officer that he represented defendant. Consequently, the court properly concluded that defendant "failed to meet his burden of establishing that his right to counsel attached" before defendant gave the statements at issue (People v Steiniger, 142 AD3d 1320, 1321 [4th Dept 2016], lv denied 28 NY3d 1189 [2017]). We have considered defendant's further contentions concerning the suppression of his statements to the police, and we conclude that they lack merit.
Defendant contends that the court erred in denying his oral motion seeking to suppress the items seized during the execution of a search warrant at an apartment in the City of Syracuse. Defendant's contention is based on the ground that there was an insufficient connection between himself and the apartment (see generally People v Woodring, 48 AD3d 1273, 1275 [4th Dept 2008], lv denied 10 NY3d 846 [2008]). We conclude that defendant's contention is not properly before us inasmuch as defendant failed to submit a written motion challenging the search warrant as required by CPL 710.60 (1). It therefore was error for the court to consider defendant's oral motion in the absence of a waiver from the People (see generally People v Mezon, 80 NY2d 155, 158-159 [1992]), and we have no authority to reach defendant's contention on appeal (see id. at 159). We note, in any event, that there is an additional preservation problem with defendant's contention inasmuch as it is based on a ground that was not raised in the suppression court (see generally CPL 470.05 [2]).
To the extent that defendant contends that his attorney was ineffective in failing to make a written motion covering the suppression ground defendant now advances on appeal, we conclude that defendant failed to meet his burden of demonstrating "the absence of strategic or other legitimate explanations for counsel's failure to pursue" that suppression ground by a written motion (People v Garcia, 75 NY2d 973, 974 [1990]). Indeed, defense counsel may have chosen as a matter of strategy to avoid asserting that ground to prevent the People from challenging defendant's standing to contest the search warrant (see generally People v Ramirez-Portoreal, 88 NY2d 99, 108 [1996]).
Defendant further contends that he was deprived of a fair trial when the court closed the courtroom to the public. It is well settled that "preservation of public trial claims is still required. Bringing a public trial violation to a judge's attention in the first instance will ensure the timely opportunity to correct such errors" (People v Alvarez, 20 NY3d 75, 81 [2012], cert denied 569 US 947 [2013]; see People v Everson, 158 AD3d 1119, 1123 [4th Dept 2018]). Here, the alleged violation of defendant's right to a public trial was not brought to the court's attention at a time when the court could have taken remedial action, and thus defendant's contention is not preserved for our review (see Alvarez, 20 NY3d at 81). Insofar as defendant contends that his attorney was ineffective in failing to bring the matter to the court's attention, we conclude that the record is insufficient to establish that the courtroom was closed, and thus the proper vehicle to raise that contention is a motion pursuant to CPL article 440.
Defendant failed to preserve for our review his challenge to the sufficiency of the evidence with respect to the crime of attempted criminal sale of a controlled substance "inasmuch as his motion for a trial order of dismissal was not specifically directed at the alleged error asserted on appeal" (People v Smith, 60 AD3d 1367, 1367 [4th Dept 2009], lv denied 12 NY3d 921 [2009] [internal quotation marks omitted]; see People v Gray, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient with respect to that crime (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that he was deprived of a fair trial by the admission of certain evidence. First, defendant asserts that he was deprived of a fair trial by the admission of evidence that he possessed cocaine several days after the crimes at issue herein. We conclude, however, that the evidence of the uncharged crime of drug possession was properly admitted to demonstrate the mental state necessary for defendant's attempted criminal sale of a controlled substance and his belief that the substance that he sold was in fact a controlled substance. Thus, the evidence was admissible pursuant to the intent and knowledge exceptions of the Molineux rule (see generally People v Alvino, 71 NY2d 233, 241-242 [1987]). Defendant also asserts that the court erred in permitting the People to introduce a prior consistent statement of a witness, but defendant failed to preserve that issue for our review (see CPL 470.05 [2]). In any event, we conclude that the issue lacks merit. Defendant's cross-examination of that witness could have left the jury with the impression that, when the witness testified at the grand jury, he was unable to identify defendant as the perpetrator of the crimes, and thus the evidence introduced by the People was "appropriate [because it was] introduced to remedy [the] misapprehension created by the defense upon cross-examination" (People v Jackson, 240 AD2d 680, 680 [2d Dept 1997], lv denied 90 NY2d 1012 [1997]; see generally People v Lindsay, 42 NY2d 9, 12 [1977]).
Defendant further contends that he was deprived of a fair trial because the jury was permitted to take certain objects that had not been admitted in evidence into the jury room during deliberations. Defendant failed to object or to move for a mistrial, and thus failed to preserve his contention for our review (see CPL 470.05 [2]; cf. People v Smith, 97 NY2d 324, 329-330 [2002]). In any event, the court promptly "gave a curative instruction, which the jury is presumed to have followed . . . Thus, . . . we conclude that any prejudice was alleviated" (People v Flowers, 151 AD3d 1843, 1844 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]).
Contrary to defendant's contention, the prosecutor did not commit misconduct during the People's opening statement. Rather, "the prosecutor's opening statement was properly framed in terms of what the [witnesses] would testify to and did not distort the evidence or otherwise prejudice defendant" (People v Castro, 281 AD2d 935, 935-936 [4th Dept 2001], lv denied 96 NY2d 860 [2001]). Defendant failed to preserve for our review his contention that the prosecutor committed misconduct during summation (see People v Crosby, 158 AD3d 1300, 1302 [4th Dept 2018]; see also People v Stanley, 155 AD3d 1684, 1685 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]; People v Santos, 151 AD3d 1620, 1621-1622 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]). In any event, that contention is without merit (see generally People v Halm, 81 NY2d 819, 821 [1993]).
Defendant failed to preserve for our review his contention that the court erred in its handling of a jury note. "[D]efendant does not dispute that his trial counsel was apprised of the specific, substantive contents of the note[],' inasmuch as the court read the precise contents of the note[] into the record in the presence of counsel and the jury before responding to" it (People v Nealon, 26 NY3d 152, 157 [2015]), and thus defendant was required to preserve for our review his challenge to the court's handling of the note (see id. at 158). In any event, we reject defendant's contention that the court erred in failing to provide sua sponte additional supplemental instructions beyond the jury's request for reinstruction (see generally People v Almodovar, 62 NY2d 126, 131-132 [1984]; People v Balance-Soler, 298 AD2d 927, 928 [4th Dept 2002], lv denied 99 NY2d 555 [2002]). Defendant's claim of ineffective assistance of counsel with respect to the note lacks merit.
With respect to defendant's remaining claims of ineffective assistance of counsel, we conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defense counsel provided defendant with meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant contends that the court erred in ordering him to pay restitution to the New York State Office of Victim Services (OVS). We reject that contention. It is well settled that a court may order restitution to be paid to the OVS to the extent that the OVS contributed to "the victim's funeral expenses" (People v Burkett, 101 AD3d 1468, 1473 [3d Dept 2012], lv denied 20 NY3d 1096 [2013]; see Penal Law § 60.27 [4] [b]). Finally, the sentence is not unduly harsh or severe.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court