People v Vializ (2019 NY Slip Op 07869)





People v Vializ


2019 NY Slip Op 07869


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


9981 2042/13

[*1]The People of the State of New York, Respondent,
v
Benjamin Vializ, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Lori Ann Farrington of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Alvin M. Yearwood, J.), rendered May 9, 2016, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 23 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of inconsistencies, and the witnesses' explanations for these inconsistencies.
We agree with defendant that the court should have permitted defense counsel to impeach a detective with his allegedly inconsistent hearing testimony about what one of the eyewitnesses had told the detective regarding the weapon used in the homicide. However, we find the error to be harmless (see People v Crimmins, 36 NY2d 230, 237 [1975]). There is no significant probability or possibility that it affected the verdict, and in the context of defendant's line of attack on the credibility of the eyewitness at issue, the particular impeachment of the detective that the court precluded would have not been unhelpful. Moreover, upon our in camera review of the disciplinary record of a testifying police officer, we find that the trial court correctly found the record to be nondiscoverable as not relevant to the defendant's guilt or innocence or to the officer's credibility and that, in any event, the record would not likely have affected the outcome of the verdict.
Defendant's argument that his right to a public trial was violated when, without the court's knowledge or approval, police detectives asked some prospective trial spectators to show identification is unpreserved (see People v Alvarez, 20 NY3d 75, 81 [2012], cert denied 569 US 910, 947 [2013]), as well as being unreviewable for lack of a sufficiently developed record (see People v Kinchen, 60 NY2d 772, 773-774 [1983]), and we decline to review it in the interest of justice. As an alternate holding, we find no basis for reversal. Immediately after learning of this conduct, the court ordered it stopped, and this remedy was satisfactory to defense counsel, who noted that "everybody that we wanted to be here did come in." No inquiry of any kind was requested, and as a result there is no evidence in the record that any potential spectators had either been excluded or deterred from seeking entry.
The court providently exercised its discretion in admitting seven autopsy photographs (see People v Stevens, 76 NY2d 833, 835 [1990]). These photographs were either relevant to material facts in issue, or at least were admissible to "illustrate, elucidate or corroborate" the [*2]Medical Examiner's testimony (id. at 835), and they were not so gruesome or inflammatory that their prejudicial impact outweighed their probative value (see id.).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK