20-707-cv
Panos v. Universal Forest Prods., Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand twenty.

PRESENT:   RAYMOND J. LOHIER, JR.,
                      MICHAEL H. PARK,
                              *Circuit Judges*,
                      JED S. RAKOFF,
                              *Judge.**

----------------------------------------------------------------

SPYROS PANOS,

     *Plaintiff-Appellant*,

     v.                                                                No. 20-707-cv

UNIVERSAL FOREST PRODUCTS, INC.,
SHAWNLEE CONSTRUCTION, LLC,

     *Defendants-Appellees*.

----------------------------------------------------------------

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:    GABRIEL FISCHBARG, Esq., New York, NY.

FOR DEFENDANTS-APPELLEES:    GARY J. MOUW, Esq., Varnum LLP, Grand Rapids, MI (Jeffrey A. Udell, Christopher Dioguardi, Walden Macht & Haran LLP, New York, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Spyros Panos appeals from the judgment of the United States District Court for the Southern District of New York (Karas, J.) dismissing with prejudice his Second Amended Complaint. Panos asserted a single claim of fraud based on investments he made in three separate properties between May 2009 and December 2012. In a January 27, 2020 order, the District Court, relying on New York's six-year statute of limitations for fraud claims, held that Panos's claim was time-barred with respect to investments made prior to March 7, 2012, or more

2

than six years before Panos filed this lawsuit.[1]  The parties then stipulated to the dismissal with prejudice of Panos's surviving claim (based on his investments made on or after March 7, 2012), and the District Court eventually dismissed the case in its entirety.  We assume the parties' familiarity with the underlying facts and prior proceedings, to which we refer only as necessary to explain our decision to affirm.

For substantially the reasons stated by the District Court in its January 27, 2020 order, we conclude that Panos's claim of fraud with respect to his pre-March 7, 2012 investments was time-barred under well-established New York law relating to the continuing violation doctrine.  See Miller v. Metro. Life Ins. Co., --- F.3d ---, 2020 WL 6325861, at *2 (2d Cir. Oct. 29, 2020); Henry v. Bank of Am., 48 N.Y.S.3d 67, 70 (1st Dep't 2017); Salomon v. Town of Wallkill, 107 N.Y.S.3d 420, 422 (2d Dep't 2019).  As noted, Panos stipulated to the voluntary dismissal with prejudice of his remaining claim arising from investments made

---

[1] The time to commence a fraud action under New York law is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it."  N.Y. C.P.L.R. 213(8).  It is undisputed that Panos had inquiry notice of the fraud by May 2015, and so the discovery rule is inapplicable here.

within the six-year statute of limitations, and he has therefore abandoned that claim.  See Ali v. Fed. Ins. Co., 719 F.3d 83, 88–89 (2d Cir. 2013).

We have considered Panos's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.  Any pending motions are denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court